**Lee MOMIENT–EL, Petitioner–Appellee,**

v.

**George E. DeTELLA, Respondent–Appellant.**

**No. 96–2050.**

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 1997.

Decided July 1, 1997.

Douglas P. Roller (argued), Roller & Associates, Chicago, IL, for Petitioner–Appellee.

Michael M. Glick (argued), Office of the Attorney General, Chicago, IL, for Respondent–Appellant.

Before POSNER, Chief Judge, CUMMINGS and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Respondent George E. DeTella, Warden of Stateville Correctional Center, appeals from the judgment of the district court granting petitioner Lee Momient–El's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and ordering the state of Illinois to resentence petitioner. Momient–El was convicted in 1977 by a jury of attempted murder and aggravated battery for shooting a Chicago police officer, and was sentenced on the attempted murder conviction to 50 to 100 years of imprisonment. Petitioner raised several claims in his habeas petition, two of which form the basis of the state's appeal. He maintained that trial counsel's failure to advise him of the consequences of his election between alternative sentencing codes consti-

tuted ineffective assistance of counsel in violation of the Sixth Amendment and that appellate counsel was likewise ineffective in failing to raise this issue on appeal.[1] In order to address the merits of petitioner's sixth amendment claims, it was necessary for the district court first to conclude that these claims had been fairly presented to the Illinois courts. Because we cannot agree with district court that the Illinois courts had a full and fair opportunity to address these claims on either direct appeal or in the state post-conviction proceedings, we conclude that the district court erred in reaching the merits of these claims. We therefore reverse.

### I.

On October 14, 1977, Officer Eddie Jackson, along with three other officers, had been assigned to an undercover detail involving the arrest of prostitutes. Officer Jackson, driving an unmarked car containing two other officers and two alleged prostitutes, had just made an arrest and was proceeding to a new location to arrest a third alleged prostitute when he came into contact with Momient–El.

Officer Jackson was stopped at the intersection of Elm and LaSalle streets in Chicago when a gray Lincoln Continental, driven by Momient–El, swerved at the intersection and came to a stop north of the intersection in the middle of LaSalle Street. Turning the corner onto LaSalle, Officer Jackson drove to a spot between the Continental and a parked car. Momient–El lowered the electric passenger side window and yelled, "You almost hit me." Officer Jackson responded, "Well, what are you going to do about it." Momient–El, leaning over the front seat of his car, shouted "This," raised his hand with a .357 revolver, and shot Officer Jackson in the head. The bullet caused substantial brain damage, leaving Officer Jackson paralyzed on his right side and blind in his right eye.

Because Momient–El shot Officer Jackson prior to the effective date of a then newly enacted sentencing code, he was given the choice of being sentenced under either the new code in effect at the time of sentencing, Ill.Rev.Stat.1977, ch. 38, pars. 8–4(c)(1), 1005–5–3, 1005–8–1 (b)(2), 1005–8–2, or under the provisions that were in effect at the time of trial, Ill.Rev.Stat.1975, ch. 38, pars. 8–4(c)(1), 1005–8–1(b)(2). To aid him in making this election, Momient–El requested that the judge inform him what sentence the judge would impose under each code. The court declined to do so. At sentencing, Momient–El's counsel protested to the court that, after having read both statutes, he could not "make a recommendation to [his] client or even outline all the parameters for him." Counsel stated, "I can read him the statutes under the old and under the new but I don't think I can fulfill my obligation and I can't take such an awful responsibility to tell him what to do." The sentencing judge responded that he was familiar with counsel's reputation and that he was confident that counsel could advise his client of the relevant considerations. The court then proceeded to outline for counsel the basic structure of the two sentencing codes: that the new system is more determinate in that a prisoner knows in advance how many years he will serve and how much "good-time" credit he can earn, and that the old system, in comparison, is less determinate because discretion is placed in a parole board. Momient–El then elected to be sentenced under the old sentencing code, pursuant to which the court imposed a sentence of 50 to 100 years.

In his petition for a writ of habeas corpus, Momient–El argued that he made the wrong choice. He maintained that his uninformed election of the older sentencing code, which was due to the ineffective assistance of his counsel, resulted in his potentially being incarcerated for a longer period than he would have been incarcerated had he been sentenced under the newer, more determinate code. He also argued that appellate counsel's failure to raise this issue as a ground for appeal constituted ineffective assistance of

---

1. Petitioner also alleged that he was denied due process because the prosecutor made improper remarks during closing argument, that trial counsel was ineffective in failing to object to these remarks, and that appellate counsel was ineffective in failing to raise these constitutional errors as grounds for appeal. As to these claims, Momient–El's petition for a writ of habeas corpus was denied; he did not appeal this determination.

counsel.[2] The district court agreed and granted Momient–El's petition on this ground, ordering that he be resentenced within 120 days.

Before reaching the merits of Momient–El's ineffective assistance claims, the district court rejected the government's contention that these claims had been procedurally defaulted. The district court made three alternative holdings, each of which would have independently allowed the district court to reach the merits of Momient–El's claims. The district court found that Momient–El had fairly presented his sixth amendment claim on direct appeal, and, even if this claim had not been fairly presented on direct appeal, that the claim had been presented in Momient–El's post-conviction petition. Because the Illinois Supreme Court failed to state the grounds on which it was dismissing the post-conviction petition, the district court assumed that the Illinois Supreme Court had dismissed the petition on its merits, rather than on the grounds of waiver, which would have constituted an "independent and adequate" state law ground for dismissal, barring federal habeas review. Alternatively, the district court found that, even assuming Momient–El's claim had never been fairly presented to the Illinois courts, he had demonstrated both cause and prejudice to trump any procedural default.

The state appeals, arguing that Momient–El's sixth amendment claims were never fairly presented to the Illinois courts and that the district court therefore should not have reached the merits of these claims. Specifically, the state contends that the district court erred in finding that Momient-El ineffective assistance claim was fairly presented on direct appeal and that his ineffective assistance of trial and appellate counsel claims stemming from his sentencing election were raised in his post-conviction petition. Alternatively, the state argues that Momient–El's post-conviction petition was dismissed on independent and adequate state law grounds. These claims are therefore waived unless Momient–El can show "cause and prejudice" to excuse his procedural default, which, according to the state, Momient–El cannot

demonstrate. We will address each of these arguments in turn.

## II.

■ A petitioner may seek federal habeas review only if he has exhausted all available state court remedies, and, in the course of those proceedings, fairly presented his constitutional claims to the state's courts. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.1991); *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir.1988). While the state concedes that Momient–El has exhausted all avenues of redress in the Illinois courts, it contends that Momient–El's claims were not fairly presented in the course of the state proceedings. We first address the state's contention that Momient–El did not present his sixth amendment claim to the Appellate Court of Illinois on direct appeal.

■ Momient–El himself acknowledges that the specific issue raised in his habeas petition—that counsel's failure to adequately advise him as to the choice between alternative sentencing codes constituted ineffective assistance of counsel in violation of the Sixth Amendment—was not raised on direct appeal. Nevertheless, he maintains that he did present a related claim on direct appeal and that this claim should have alerted the Appellate Court of Illinois to the existence of his federal constitutional claim. The claim that Momient–El did raise was that the trial court erred as a matter of state law in not disclosing what sentence it would impose under each of the alternative sentencing codes. Momient–El urges us to conclude that, despite the dissimilarity of these claims, his federal ineffective assistance of counsel claim was fairly presented on appeal.

■ In determining whether an issue has been fairly presented to a state court, this court has looked to whether the petitioner's argument "(1) rel[ied] on pertinent federal cases; (2) rel[ied] on state cases applying constitutional analysis to a similar factual situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege[d] a pattern of

---

**2.** Counsel on appeal was not the same attorney who had represented Momient–El at sentencing.

facts that is well within the mainstream of constitutional litigation." *Verdin v. O'Leary,* 972 F.2d 1467, 1473–74 (7th Cir.1992). "[T]he presence of any one of these factors ... does not automatically avoid a waiver; the court must consider the facts of each case."[3] *Id.* at 1474.

When we apply the factors articulated in *Verdin,* Momient–El does not fare well. Not only did he not cite any pertinent federal cases or state cases applying constitutional analysis, he did not even mention the Sixth Amendment or the words "ineffective assistance" or so much as criticize counsel's performance. This is not a case in which a petitioner has presented a "mere variation[ ] in the same claim." *See Wilks v. Israel,* 627 F.2d 32, 38 (7th Cir.1980). Momient–El raised an entirely different issue of state law. In support of his argument to the Illinois appellate court, Momient-El cited the Illinois statute that gives a defendant the right to make an election between sentencing codes. Not surprisingly, the Appellate Court of Illinois addressed the state law question before the court: whether Illinois law requires a sentencing judge to disclose what sentence would be imposed under both laws and then to allow a defendant to choose the sentence he prefers. The court held that it does not, and, in *dicta,* explained that "the burden is on counsel, not the court, to explain and suggest what appears to be the best course." Whether counsel had adequately advised Momient–El was not an issue explored by the court, because Momient–El had never argued that his attorney was deficient in this respect.

■■■ Moreover, we cannot agree with the district court that it is sufficient that the sentencing transcripts contained protestations by counsel that he could not adequately advise his client of the differences between the sentencing codes. "[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to the court." *Verdin,* 972 F.2d at 1474 (quoting

*Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Id.* (quoting *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (omitting internal citations)); *see also United States ex rel. Nance v. Fairman,* 707 F.2d 936, 940–41 (7th Cir. 1983) (state law claim that exclusion of prior inconsistent statement violated Illinois evidence law insufficient to fairly present confrontation clause argument based on same facts); *Wilks,* 627 F.2d at 38 ("A difference in legal theory between that urged in state courts and in a petition for habeas corpus precludes exhaustion."). The legal basis upon which a petitioner seeks relief must be fairly presented to the court: "[f]ederal judges will not presume that state judges are clairvoyant." *See Verdin,* 972 F.2d at 1479 (quoting *Petrucelli v. Coombe,* 735 F.2d 684, 689 (2d Cir.1984)). Nor will federal judges assume that state appellate judges read trial and sentencing transcripts in search of errors to review *sua sponte.* We therefore conclude that the district court erred in finding that Momient–El fairly presented his claim of ineffective assistance of counsel on direct appeal.

### III.

■ Momient–El's failure to raise his ineffective assistance claim on direct appeal is not fatal to his habeas petition if that claim was fairly presented to the Illinois courts in the state postconviction proceedings. To find that this claim was not procedurally defaulted, we would need to conclude that the specific claim raised by petitioner in his federal habeas petition-ineffective assistance with regard to the sentencing election—was both presented in the post-conviction proceedings and that the Illinois courts addressed the claim on the merits, rather than dismissing the petition on the independent and adequate state law ground of waiver.

---

3. Because neither petitioner nor the state has been able to locate the brief filed by Momient–El on direct appeal, we rely solely on the Appellate Court of Illinois' opinion in determining whether

Momient–El's claim was fairly presented to that court. Momient–El has never argued that the Illinois court mischaracterized his arguments.

The state maintains that Momient–El's claim was never fairly presented in the post-conviction proceedings and, even assuming that it was, that the petition was dismissed on state procedural grounds.

The district court did not specifically address the issue of whether Momient–El fairly presented the specific claims raised in the instant proceeding in his post-conviction petition. This is probably because the state did not make this argument to the district court; instead, the state urged the district court to find that the postconviction petition was disposed of on the independent and adequate state law ground of waiver. The district court therefore focused solely on the question of whether the Illinois appellate court had reached the merits of petitioner's claims.

■ Normally, issues not raised in the district court are deemed waived. *See Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir.1989). Petitioner, however, has not argued that the state waived this argument. To the contrary, Momient–El's brief addresses the question of whether the specific issue raised in his habeas petition was presented to the Illinois courts in his post-conviction motion, and counsel for petitioner dealt with this issue in oral argument. As this court has recognized on several occasions, the defense of waiver can itself be waived. *See United States v. Rodriguez*, 888 F.2d 519, 524 (7th Cir.1989); *Garlington*, 879 F.2d at 282–83 (collecting cases). Because Momient–El has not presented the waiver issue to this court, we will follow our "time-honored tradition of considering only those arguments presented to us." *Andrews v. United States*, 817 F.2d 1277, 1278 n. 1 (7th Cir.1987); *see also Garlington*, 879 F.2d at 283 ("Because it is our practice to consider only those arguments presented to us, we cannot conclude ... that [petitioner] has waived [an issue] by failing to raise that issue in the district court."). We therefore consider the threshold question of whether Momient–El presented the claims raised in the instant proceeding in the state postconviction proceedings.

The parties agree that Momient–El filed a *pro se* post-conviction petition in the Circuit Court of Cook County in October 1987 and that, after the appointment of counsel, an amended post-conviction petition was filed in September 1988. The circuit court dismissed this petition, and Momient–El filed a notice of appeal. Counsel was appointed, but subsequently filed a motion to withdraw and a brief in support of this motion pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After the Appellate Court of Illinois granted counsel's motion to withdraw, Momient–El filed a *pro se* petition and supplemental petition with the appellate court. This petition was denied. Finally, Momient–El filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied in April 1991.

Although there are several holes in the record on appeal (the parties have been unable to locate either Momient–El's *pro se* post-conviction petition or the amended petition submitted to the circuit court), an examination of these documents is not necessary in this case. Even if we were to assume that Momient–El presented the issues of ineffective assistance of trial and appellate counsel with respect to the sentencing election to the Circuit Court of Cook County and assume further that the circuit court addressed the merits of these claims, we would nevertheless conclude that Momient–El waived these claims by failing to appeal these issues to the Appellate Court of Illinois. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.1991); *Morrison v. Duckworth*, 898 F.2d 1298, 1300 n. 5 (7th Cir.1990).

■ In his appeal of the circuit court's denial of his post-conviction petition, Momient–El did argue that trial and appellate counsel were ineffective in several respects, but failing to advise him regarding his choice between sentencing codes (and not appealing trial counsel's failure to do so) were not among counsels' alleged deficiencies. Momient–El argued that trial counsel's failure to object during closing arguments, stipulation to inflammatory testimony, and failure to object at sentencing to the court's refusal to consider mitigating evidence constituted ineffective assistance, and that appellate counsel was ineffective in not raising these issues on

appeal.[4] The issues of whether counsel was ineffective in failing to advise the petitioner adequately regarding the election between sentencing provisions and whether appellate counsel was ineffective in failing to appeal this error were not raised. It is not sufficient that Momient-El alleged various other errors by counsel; to set forth a claim of ineffective assistance, a petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See Dugan v. United States,* 18 F.3d 460, 464 (7th Cir.1994) (citing *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)). The purpose of the rules of procedural default is to "afford[ ] to the state courts an opportunity to correct a constitutional violation," *Duckworth v. Serrano,* 454 U.S. 1, 4, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). In the instant case, the Illinois courts had no such opportunity—either on direct appeal or in the state post-conviction proceedings. Procedural default therefore bars federal habeas review of these claims.[5]

## IV.

■■■ We next address the district court's finding that Momient–El had demonstrated both cause and prejudice that trumped any procedural default due to waiver. A petitioner who has procedurally defaulted a constitutional claim can nevertheless seek federal habeas review if he can show "good cause for the default and actual prejudice stemming" therefrom. *Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir.1995); *Morrison,* 898 F.2d at 1300. One way to show cause is "to demonstrate that counsel's performance was so deficient as to violate the sixth amendment guarantee of effective as-

sistance of counsel." *Morrison,* 898 F.2d at 1300 (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). The district court found that appellate counsel's failure to argue that Momient–El did not make an intelligent election between sentencing codes as a result of ineffectiveness of trial counsel was an "error[ ] so serious that his representation fell outside the range of professionally competent assistance," *Momient–El v. Godinez,* No. 92 C 1543, 1996 WL 147971, at * 14 (N.D.Ill. March 29, 1996) (quoting *Bond v. United States,* 1 F.3d 631, 635 n. 2 (7th Cir.1993)), and that this error "had potentially significant ramifications on when and how [Momient–El] would be released from jail," *id.* at * 15.[6] The court therefore held that any procedural default that existed was excused.

■■■ It is, however, likely that the district court's finding on the issue of cause and prejudice was due in part to the court's belief that Momient–El had presented the ineffective assistance of appellate counsel claim that is raised in the instant proceeding in his post-conviction petition. As we previously explained, the court was mistaken (a misimpression not corrected by the state) in its belief that this issue was fairly presented to the Illinois courts in the post-conviction proceedings. This failure to present the ineffectiveness claim to the state courts is likewise fatal to Momient–El's attempt to argue that the ineffectiveness of counsel is cause to excuse his procedural default on direct appeal.

In *Murray v. Carrier,* the Supreme Court recognized an important limitation on its holding that ineffective assistance of counsel was cause for a procedural default. The Court explained that principles of comity

---

**4.** Momient–El raised these same issues in his petition for leave to appeal to the Illinois Supreme Court. He argued only that he "was denied the Right to Effective Assistance of Counsel when his trial attorney did not object to the prosecution's closing argument, when he stipulated to prejudicial and inflammatory evidence, when he did not object to the trial court's failure to consider mitigating evidence at sentencing."

**5.** Having concluded that Momient–El did not even present the claims raised in the instant proceedings in his post-conviction appeal to the Appellate Court of Illinois, it is unnecessary to

reach the issue addressed by the district court as to whether the state appellate court dismissed the petition on independent and adequate state grounds.

**6.** The district court calculated that Momient–El, under the 50 to 100 year indeterminate sentence that was imposed, would have first become eligible for parole in 1991. In comparison, had Momient–El been sentenced under the newer, more determinate sentencing code and earned all of his statutory good-time credit, he would have been released in 1992.

"generally require[ ] that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray,* 477 U.S. at 489, 106 S.Ct. at 2646; *see also Lemons,* 54 F.3d at 360; *Lostutter v. Peters,* 50 F.3d 392, 395 (7th Cir.), *cert. denied, Lostutter v. Washington,* — U.S. —, 116 S.Ct. 130, 133 L.Ed.2d 79 (1995); *Morrison,* 898 F.2d at 1300. As we explained above, Momient–El argued in his post-conviction petition that appellate counsel was ineffective in that he failed to raise certain issues on appeal; however, the issue of whether Momient–El was unable to make an informed election at sentencing due to ineffective assistance of counsel was not one of the issues that Momient–El maintained that appellate counsel was ineffective in failing to raise. The Illinois courts, at no stage of the state court proceedings, were given the opportunity to address this constitutional claim. As the Supreme Court explained in *Murray:*

> The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, and that holds true whether an ineffectiveness claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

477 U.S. at 489, 106 S.Ct. at 2646 (internal quotation and citation omitted). Just as we are unable to conclude that the alleged ineffectiveness of Momient–El's appellate counsel is an independent ground upon which he is entitled to relief, we are unable to hold that this ineffectiveness is cause to excuse his failure to bring the claim on direct appeal.[7]

### V.

To summarize, we find that the district court erred in concluding that Momient–El's claim of ineffective assistance relating to his election between sentencing codes was fairly presented on direct appeal. An examination

of Momient–El's appeal of the circuit court's dismissal of his post-conviction petition likewise reveals that this claim was not fully and fairly presented in the post-conviction proceedings. The same is true of Momient–El's ineffective assistance of appellate counsel claim. In addition, because this ineffective assistance of appellate counsel claim was never presented as an independent claim to the Illinois courts, it cannot now be used to establish cause to excuse his procedural default. The district court therefore erred in reaching the merits of these claims. The judgment of the district court ordering Momient–El to be resentenced is REVERSED.

---

7. Because we conclude that Momient–El has not demonstrated cause to excuse his procedural default, we need not address whether the district court was correct in finding that Momient–El had demonstrated prejudice.