UNITED STATES of America ex rel. Michael BOYCE, Petitioner,

v.

Kenneth DOBUCKI, Respondent.

No. 97 C 2892.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 3, 1998.

Daniel J. Stohr, Chicago, IL, for Petitioner.

Darryl Belmonte Simko, Illinois Attorney General's Office, Criminal Appeals Div., Chicago, IL, for Respondent.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Michael Boyce's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, the court denies the petition.

## I. BACKGROUND

On August 15, 1990, a jury in the Circuit Court of Cook County, Illinois ("Circuit Court"), convicted Petitioner, Michael Boyce ("Boyce"), of first-degree murder. Boyce was sentenced to thirty-years of imprisonment. Boyce appealed to the Illinois Appellate Court and raised several claims. On April 6, 1992, the Illinois Appellate Court affirmed the judgment of the Circuit Court. On October 7, 1992, the Illinois Supreme Court denied Boyce's petition for leave to appeal.

Thereafter, Boyce filed a petition for post-conviction relief in the Circuit Court. On May 26, 1994, the Circuit Court dismissed Boyce's petition without an evidentiary hearing. On November 27, 1995, the Illinois Appellate Court affirmed the judgment of the Circuit Court, and on June 5, 1997, the Illinois Supreme Court denied Boyce's petition for leave to appeal.

After exhausting available state court remedies, Boyce filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, arguing that he was denied his Sixth Amendment right to effective assistance of counsel and his due process right to a fair trial.

## II. DISCUSSION

■ A federal court may not address the merits of a habeas petition unless the state courts first have a full and fair opportunity to review the claims. *See Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.1991). This threshold requirement is satisfied if a petitioner: (1) exhausts all available state remedies; and (2) in the course of the state proceedings, raises his federal claims so as not to be procedurally defaulted. *See Momient–El v. DeTella*, 118 F.3d 535, 538–41 (7th Cir.1997). If a petitioner fails to satisfy either of these requirements, the petition is barred. *Id.*

A petitioner exhausts his state remedies by presenting his claims to the highest state court for a ruling on the merits, *id.* at 538, or "when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." *See Farrell*, 939 F.2d at 410 (citations omitted). In the instant case, Respondent, Kenneth Dobucki ("Dobucki"), concedes that Boyce exhausted his state remedies. Thus, the court looks to the second obstacle barring substantive review.

■ If Boyce is procedurally defaulted, the court cannot review Boyce's federal claims. *See Momient–El*, 118 F.3d at 539; *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997). Procedural default occurs if a petitioner failed to fairly present his federal claims to the appropriate state courts. *Id.* Additionally, even if a petitioner fairly presented his federal claims, he is procedurally defaulted if the state courts declined to address the merits of his federal claims based upon a state ground that is both "independent of the federal question and adequate to support the judgment." *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir.1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *see also Momient–El*, 118 F.3d at 539.

■ In order to properly preserve a claim for federal habeas review under § 2254, a petitioner must present his federal claims in a manner which allows the state courts a full and fair opportunity to correct constitutional errors. *See Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir.1997). A petitioner provides the state courts with such an opportunity when his claims

(1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation. If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, then this court will not con-

sider the state courts to have had a fair opportunity to consider the claim. *Id.* The critical inquiry is "whether the state court was fairly alerted to the federal right in question." *Id.*

■ On direct appeal, Boyce raised several issues, including:

2. Whether the trial counsel was ineffective for failing to request instructions which would have informed the jury that citizen accused was entitled to use deadly force to prevent the commission of a forcible felony—in this case, the forcible felony of aggravated battery—a battery committed on the public way . . . [and]

4. Whether citizen accused's due process right to a fair trial was irreparably damaged by the cumulative impact of the following prejudicial errors:

(A) Introduction of evidence and argument of flight and consciousness of guilt;

(B) Introduction of mug shot evidence suggesting other criminal conduct by citizen accused;

(C) Allowing the State to reopen its case to present prejudicial hearsay evidence;

(D) Introduction of irrelevant and prejudicial evidence that citizen accused had previously possessed a gun, under the guise of "rebuttal". [sic]

(E) Improper prosecutorial closing argument mischaracterizing the law of self-defense.

(Dobucki's Ex. E at 5–6.)

On collateral appeal, Boyce only raised one issue:

1. Whether the post-conviction court erred in dismissing without an evidentiary hearing, the post conviction petition which amply demonstrated that defendant was deprived of effective assistance of counsel and due process, in violation of his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Art. I, secs. 2 and 8 of the Illinois Constitution due to trial counsel's failure to investigate and present witnesses whose testimony tends to exonerate defendant.

(Dobucki's Ex. H at 1.)

In Boyce's § 2254 petition, Boyce asserts two grounds for relief. First, Boyce argues that he was denied effective assistance of counsel because counsel failed to (a) interview and present three exculpatory witnesses at trial; (b) prepare Boyce for his trial testimony; and (c) request a jury instruction regarding justifiable use of deadly force to prevent a forcible felony. Second, Boyce argues that he was denied a fair trial because the trial court allowed (a) improper and prejudicial evidence and argument of flight and consciousness of guilt; (b) prejudicial mug shot evidence; and (c) improper prosecutorial closing arguments.

Based on Boyce's appellate briefs and the Illinois Appellate Court's opinions, the court is convinced that Boyce fairly presented all of his claims with the exception of Boyce's claim that his counsel was ineffective by failing to prepare him for his trial testimony. (*See* Dobucki's Ex. A at 11–16, Ex. B at 6–7, Ex. E at 5–6, Ex. H at 1.) Thus, Boyce is procedurally barred from raising his claim of ineffective assistance of counsel because of counsel's failure to prepare him for his trial testimony; Boyce's remaining claims survive the fair presentment hurdle.

■ However, Boyce is procedurally defaulted from raising his remaining claims if the state court declined to address any of the claims on the merits based upon an independent and adequate state ground. *See Momient–El,* 118 F.3d at 539. On direct appeal, the Illinois Appellate Court declined to address the merits of his claim that he was denied a fair trial because the trial court allowed improper prosecutorial closing arguments. (Dobucki's Ex. A at 16.) The Illinois Appellate Court opined that Boyce waived this claim because he failed to object at trial during the prosecution's closing argument. *Id.* It is well settled that a failure to object at trial constitutes an independent and adequate state ground. *See Lewis v. Casey,* 518 U.S. 343, —— n. 2, 116 S.Ct. 2174, 2181 n. 2, 135 L.Ed.2d 606 (1996); *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir.1997). Having waived his claim that he was denied a fair

trial because of improper prosecutorial closing arguments by failing to object at trial, Boyce is procedurally defaulted from raising this claim. *See Gilmore,* 127 F.3d at 634.

Thus, the court should not consider Boyce's claim of ineffective assistance of counsel because of counsel's failure to prepare him for his trial testimony or his claim that he was denied a fair trial because of improper prosecutorial closing arguments unless Boyce "is able to both demonstrate cause for his procedural error and establish prejudice resulting from that error or show that [the court's] failure to consider the claim will result in a fundamental miscarriage of justice." *Id.* (*citing Coleman,* 501 U.S. at 750).

■ With respect to Boyce's claim of ineffective assistance of counsel because of counsel's failure to prepare him for his trial testimony, Boyce does not articulate cause and prejudice or a fundamental miscarriage of justice. Boyce's failure to do so may be a result of Dobucki's failure to assert that Boyce is procedurally defaulted from raising this claim. Hence, the court will give the benefit of the doubt to Boyce and assume that he would be able to articulate cause for his procedural default. However, review of Boyce's arguments in support of this claim shows that Boyce cannot show prejudice.

In order to show prejudice, Boyce "must show 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions ... [such] that the prisoner was denied 'fundamental fairness' at trial.'" *Murray v. Carrier,* 477 U.S. 478, 493, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Boyce does not state how his trial counsel could have prepared him better for his trial testimony, nor does he state how his lack of preparation worked to his actual and substantial disadvantage. As such, Boyce has failed to show prejudice as a result of his procedural default.

■ Furthermore, there is no basis for finding that failure to consider this federal claim will result in a fundamental miscarriage of justice. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that the alleged trial error "probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496.

■ Here, the Illinois Appellate Court opined that the jury convicted him despite his testimony. (Dobucki's Ex. A at 8.) Boyce testified at trial that he shot the victim because he was scared that the victim was going to hurt him. *Id.* at 6. According to Boyce, he was scared because the victim slapped him and was reaching behind his jacket. *Id.* The prosecution's witnesses testified that the victim's hands were full with two bags at the time of the confrontation. *Id.* at 8. The prosecution witnesses further testified that Boyce fatally shot the victim in the neck when the victim was trying to back away after suffering a gun shot wound to his abdomen. *Id.* Therefore, the Illinois Appellate Court held that there was sufficient evidence to support the jury's conviction. *Id.* Boyce offers no reason to disturb the Illinois Appellate Court's opinion. Thus, Boyce cannot demonstrate any fundamental miscarriage of justice.

With respect to Boyce's claim that he was denied a fair trial because of improper prosecutorial closing arguments, he unconvincingly argues cause and prejudice based on trial counsel's alleged ineffectiveness. If Boyce could demonstrate that his trial counsel provided ineffective assistance, he could also demonstrate cause for his procedural default. *See Clayton v. Gilmore,* 114 F.3d 1191(7th Cir.1997). The court doubts Boyce's ability to demonstrate that trial counsel was unconstitutionally ineffective. However, the court need not evaluate the trial counsel's performance because Boyce cannot demonstrate that he suffered prejudice as a result of the procedural default.

■ As a preliminary matter, Boyce cannot show that a trial error occurred during the prosecution's closing arguments. Boyce argues that the prosecution mischaracterized the law of self-defense during his closing arguments by suggesting that Boyce had a duty to retreat and by characterizing the decedent's apparent lack of a weapon as

"non-lethal." (Boyce's Pet. at 18.) In Illinois, there is no duty to retreat when attacked with deadly force. *See People v. McGee*, 287 Ill.App.3d 1049,, 1053–54, 223 Ill.Dec. 345, 349, 679 N.E.2d 796, 800 (1997). However, in Illinois "a prosecutor may properly argue a defendant's failure to easily extricate himself from a dangerous situation as a comment on the credibility of the defendant's testimony that he was afraid and that the use of deadly force was necessary." *Id.* Similarly, a prosecutor should be allowed to argue that the deceased lacked a weapon as a comment on the credibility of the defendant's testimony that he was attacked with deadly force. *Cf id.*

▪ Even assuming there was a trial error, Boyce cannot demonstrate any prejudice resulted. The trial court properly instructed the jury with regard to the law of the offense charged and the law of self-defense. (Dobucki's Ex. A at 7–10.) Thus, even assuming the prosecutor made improper comments during his closing arguments, it was cured by providing proper jury instructions and no prejudicial error resulted. *See McGee*, 223 Ill.Dec. 345, 679 N.E.2d at 800.

The court further notes that the Illinois Appellate Court opined that Boyce suffered no prejudice from the prosecution's closing arguments. (Dobucki's Ex. A at 16.) In Illinois, "[p]rosecutors are afforded wide latitude in closing argument, and improper remarks will not merit reversal unless they result in substantial prejudice to the defendant considering the context of the language used, its relationship to the evidence, and its effect on the defendant's right to a fair and impartial trial." *People v. Sims*, 285 Ill. App.3d 598, 605–06, 220 Ill.Dec. 698, 703, 673 N.E.2d 1119, 1124 (1996). The Illinois Appellate Court found no such prejudice. (Dobucki's Ex. A at 16.) Boyce offers no reason for the court to disturb the Illinois Appellate Court's opinion. Therefore, Boyce cannot

demonstrate any prejudice resulted from his procedural default.

▪ For these same reasons, Boyce cannot demonstrate any fundamental miscarriage of justice. As already discussed, the trial court properly instructed the jury with regard to the law of the offense charged and the law of self-defense. (Dobucki's Ex. A 7–10.) Additionally, there was sufficient evidence to support the jury's conviction. *Id.* at 8. Boyce offers no reason for the court to conclude that the jury convicted an innocent person based on the prosecution's closing arguments. Thus, there is no reason to depart from "the almost invariable assumption of the law that jurors follow their instructions." *Shannon v. United States of America*, 512 U.S. 573, 585, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994). Therefore, Boyce cannot demonstrate any fundamental miscarriage of justice.

Consequently, Boyce is procedurally barred from raising his claim of ineffective assistance of counsel because of counsel's failure to prepare him for his trial testimony or his claim that he was denied a fair trial because of improper prosecutorial closing arguments. Even if the court were inclined to overlook Boyce's procedural problems, the court would conclude that these claims are without merit for the same reasons that Boyce cannot show cause and prejudice or fundamental miscarriage of justice.

▪ The court will now examine Boyce's remaining claims on the merits.[1] Before addressing the substance of the remaining claims, the court notes as a preliminary matter that Boyce's petition is reviewed under the stricter habeas standards promulgated in the Antiterrorism & Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1219 (1996) ("AEDPA").[2] The recently amended § 2254(d) of the AEDPA authorizes the issuance of a writ of habeas corpus on behalf of a

---

1. Relying on *Rosenwald v. United States*, 898 F.2d 585 (7th Cir.1990), Boyce argues that "where a defendant in a habeas corpus petition alleges facts which, if true, demonstrate denial of a constitutional right, an evidentiary hearing must be had." (Boyce's Reply at 12.) In this case, assuming Boyce's alleged facts to be true, the court does not find that Boyce was denied

any constitutional rights. Thus, assuming Boyce's argument to be legally supported, the court is not compelled to grant an evidentiary hearing in this case.

2. The AEDPA was enacted April 24, 1996. Boyce's petition was filed April 12, 1997.

person in custody pursuant to a state court's decision only if the challenged decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (1996).

■■■ The "contrary to" clause of § 2254(d)(1) applies solely to questions of law. *See Lindh v. Murphy,* 96 F.3d 856, 869 (7th Cir.1996), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). It requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law as determined by the Supreme Court of the United States' that prevails." *Id.* In contrast, the "unreasonable application" clause of § 2254(d)(1) applies to mixed questions of law and fact. *Id.* at 870. It "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. *Id.*

■■■ Boyce does not contend that the decision by the Illinois Appellate Court is contrary to any decision by the Court. Thus, the court must determine whether the state court unreasonably applied established federal law as determined by the Court. "The statutory 'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes." *Hall v. Washington,* 106 F.3d 742, 748–49 (7th Cir.1997). As such, it is not enough that the court might disagree with the state court's conclusion. *See Hennon . v. Cooper,* 109 F.3d 330, 334 (7th Cir.1997) ("the statute commands deference to the state court's judgment by using the word 'unreasonable,' which is stronger than 'erroneous' and maybe stronger than 'clearly erroneous.'"). With this principle in mind, the court turns to the merits of Boyce's remaining claims.

First, Boyce argues that he received ineffective assistance of counsel because his counsel failed to (a) interview and present three exculpatory witnesses at trial; and (b) request a jury instruction regarding justifiable use of deadly force to prevent a forcible felony. It is well established that a petition-

er must prove that: (1) his attorney's performance fell below an objective standard of reasonableness ("performance prong"); and (2) the attorney's deficient performance prejudiced the defense in order to establish that a petitioner was denied the Sixth Amendment right to counsel ("prejudice prong"). *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must satisfy both the performance and prejudice prongs of *Strickland* to demonstrate that he was· denied the Sixth Amendment right to counsel. *Id.; see also Milone v. Camp,* 22 F.3d 693, 701 (7th Cir. 1994).

In order to satisfy the performance prong of the *Strickland* test, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Put another way, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

In order to satisfy the prejudice prong, a petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Thus, a petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.*

Pursuant to the stricter habeas standards promulgated in the AEDPA, the court need not independently determine whether Boyce has satisfied the *Strickland* test. The court need only determine whether the state court's decision that Boyce's counsel provided effective assistance is an unreasonable application of federal law as established by the Court in *Strickland. See Hall,* 106 F.3d at 749.

Boyce complained of two omitted acts by counsel: (1) failure to interview and present

three exculpatory witnesses (Patricia Mooney, Kevin Ivy, and his brother Don Davis); and (2) failure to request a jury instruction regarding justifiable use of deadly force to prevent a forcible felony. The Illinois Appellate Court rejected Boyce's claims and found that his counsel provided effective assistance of counsel. (Dobucki's Ex. A at 11–13, Ex. B at 6–7.) With respect Boyce's counsel's failure to interview and present the three witnesses, the Illinois Appellate Court opined that it was a matter of trial strategy. (Dobucki's Ex. B at 6–7.) The Illinois Appellate Court noted that the three witnesses appeared on Boyce's discovery responses. *Id.* at 6. Based on that fact, the Illinois Appellate Court concluded that counsel was aware of the witnesses, and presumed that counsel chose not to present these witnesses as a matter of trial strategy which in Illinois is " 'virtually unchallengeable.' " *Id.* at 7 (citation omitted).

Boyce argues that the Illinois Appellate Court improperly presumed that his counsel strategically chose not to present the three witnesses. (Boyce's Reply at 13–14.) Although a counsel's decision not to present particular witnesses can be strategically sound, it must be made after sufficient inquiry or investigation. *See Hall,* 106 F.3d at 749. Here, the Illinois Appellate Court's opinion does not state whether Boyce's counsel ever interviewed the three witnesses. If Boyce's counsel never contacted the three witnesses to determine for himself whether their testimony would be helpful to Boyce's defense, it would be unreasonable for the Illinois Appellate Court to presume that Boyce's counsel's conduct fell within an objective standard of reasonableness. *Id.*

However, the court need not determine whether Boyce has satisfied the performance prong of *Strickland* because the Illinois Appellate Court's finding of no prejudice as a result of counsel's failure to present these witnesses was not an unreasonable application of federal law. The Illinois Appellate Court concluded that Boyce could not satisfy the prejudice prong of *Strickland* as a result of these three witnesses not being called to testify because of the following reasons: (1) neither Mooney nor Davis observed the shooting; (2) Ivy would have contradicted Boyce's testimony in that Ivy would have testified that Boyce fired the second shot at the victim when the victim was retreating; (3) Davis, being Boyce's brother, may have been considered biased in favor of Boyce; and (4) none of the three witnesses would have testified that they saw the victim slap Boyce or saw the victim reach into his jacket before the shots were fired. (Dobucki's Ex. B at 6–7). As such, the Illinois Appellate Court held that there is no reasonable probability that the result of the proceeding would have been different had the three witnesses been presented. *Id.* at 7. Boyce has offered no reason to question the Illinois Appellate Court's opinion.

With respect to Boyce's counsel's failure to request a jury instruction regarding justifiable use of deadly force to prevent a forcible felony, the Illinois Appellate Court opined that it did not result in any prejudice. (Dobucki's Ex. A at 12.) Boyce argues that he was entitled to the jury instruction because he testified that the victim slapped him on a "public way" which would elevate the battery to an aggravated battery. *Id.* at 11. According to Boyce, an aggravated battery is a forcible felony. *Id.* at 12. Therefore, Boyce argues that he was entitled to a jury instruction which states that he was justified in using deadly force if he shows that he was acting to prevent the commission of a forcible felony, *i.e.* a slap on a public way. *Id.*

The Illinois Appellate Court held that "[a]ggravated battery is only a forcible felony if it results in great bodily harm, permanent disability or disfigurement." (Dobucki's Ex. A at 12.) Without discussing the performance prong of *Strickland,* the Illinois Appellate Court concluded that "[c]ounsel's failure to tender the instruction did not result in any prejudice to defendant" for several reasons. *Id.; see also People v. Flores,* 282 Ill.App.3d 861, 867–68, 218 Ill.Dec. 339, 343, 668 N.E.2d 1171, 1175 (1996) ("Deadly force 'is necessary to prevent [battery on a public way]' ... only when defendant reasonably believes he is in danger of death or great bodily harm. To hold otherwise would lead to absurd results.") (alterations in original and citation omitted). First, the Illinois Ap-

pellate Court noted no evidence of great bodily harm, permanent disability, or disfigurement. (Dobucki's Ex. A at 12.) Second, the Illinois Appellate Court opined that "if the jury would have believed great bodily harm occurred, it would have acquitted under the self-defense instruction given." *Id.* Third, the Illinois Appellate Court doubted that the trial court would have given the instruction if Boyce's counsel had requested. *Id.*

Based on state law, Boyce's counsel committed no error by failing to request a jury instruction regarding justifiable use of deadly force to prevent a forcible felony. Boyce offers no reason to doubt the Illinois Appellate Court's analysis of state law. Therefore, the court does not find that the Illinois Appellate Court's finding of effective assistance of counsel is an unreasonable application of federal law established by the Court in *Strickland.* Accordingly, even assuming that counsel failed to do the acts at issue, Boyce fails to demonstrate that he was denied the Sixth Amendment right to counsel, and therefore entitled to habeas relief.

Next, Boyce argues that he was denied his due process right to a fair trial because the trial court admitted (a) improper and prejudicial evidence and argument of flight and consciousness of guilt; and (b) prejudicial mug shot evidence. "[S]tate court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ of habeas corpus." *Haas v. Abrahamson,* 910 F.2d 384, 389 (7th Cir.1990). In order to prevail, a petitioner bears the burden of demonstrating that the state court's finding of no violation of petitioner's due process right to a fair trial, based on state court's evidentiary ruling, is an unreasonable application of federal law. *See Mainiero v. Jordan,* 105 F.3d 361, 364 (7th Cir.1997).

In this case, the Illinois Appellate Court found no violation of Boyce's due process right to a fair and impartial trial. With respect to Boyce's claim based on evidence of flight and consciousness of guilt, the Illinois Appellate Court opined that state law allows the prosecution to present evidence of defendant's flight from the scene of the crime to show a consciousness of guilt. (Dobucki's Ex. A at 14–15.); *See also People v. Benson,* 266 Ill.App.3d 994, 1005–06, 204 Ill. Dec. 393, 402, 641 N.E.2d 617, 626 (1994) ("Flight from the scene of a crime is a form of circumstantial evidence which is based upon an inference that such flight bears a reasonable relation to a consciousness of guilt."). With respect to Boyce's claim based on mug shot evidence, the Illinois Appellate Court noted that the trial court sustained Boyce's objection to such evidence and instructed the jury to disregard it, thereby curing any error. (Dobucki's Ex. A at 15.) Boyce fails to demonstrate any erroneous evidentiary rulings, much less that the Illinois Appellate Court unreasonably applied federal law by finding that Boyce received a fair and impartial trial. Accordingly, Boyce fails to demonstrate that he was denied his due process right to a fair trial, and therefore entitled to habeas relief.

### III. CONCLUSION

For the foregoing reasons, Boyce's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED.