151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randy BANKS, also known as Hiram Abiff, Plaintiff-Appellant,
v.
Robert FARLEY et al., Defendants-Appellees.
 No. 97-1282.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 94 C 319. Robert L. Miller, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Randy Banks filed an action under 42 U.S.C. § 1983 against Robert Farley, Herbert Newkirk, Emerson McCoy and Irvin Zitt, who between January 1 and July 1, 1994, were respectively superintendent, assistant superintendent, shift supervisor for death row and correctional counselor at the Indiana State Prison in Michigan City, Indiana. Banks alleged that the defendants violated his right of access to the courts by refusing to deliver legal materials to his cell when he was in disciplinary segregation. Following a bench trial conducted by a magistrate judge, the district court entered final judgment in favor of all the defendants. On appeal, Banks argues that the magistrate judge was bribed. We affirm.
 
 Background
 
 2
 Randy Banks was convicted of murder by an Illinois state court in 1991. At all times relevant to the present case, he has been serving sentences in Indiana for kidnaping, armed robbery, dealing in a sawed-off shotgun, and resisting law enforcement. On account of his Illinois conviction he is incarcerated on death row. On January 1, 1994, Banks was transferred to disciplinary segregation ("lockup"). At the time of his transfer, Banks was pursuing, with the aid of counsel, an appeal of his Illinois murder conviction and death sentence. Prior to the transfer, he had accumulated four storage boxes full of legal materials that he was allowed to keep in his cell.
 
 
 3
 On May 2, 1994, Banks filed a complaint under 42 U.S.C. § 1983 against the four defendants in this case. Banks alleged that the defendants refused to provide him with his legal materials in the lockup cell to which he had been transferred. As a result, he alleged that he was prevented from studying his transcripts, presenting evidence and documentation, and composing motions to strike the public defender who was representing him. (Appellee's Supplemental App. at 5.) In addition, Harris claimed that the defendants had failed to provide him with writing materials. Thus, Harris contended that the defendants had violated his right of access to the courts.
 
 
 4
 Under a referral order of the district court, Magistrate Judge Robin D. Pierce conducted a two-day bench trial. The magistrate judge's report recommended that final judgment be entered in favor of all four defendants. The report found (1) that Banks had never made a verbal request for writing materials during the time he was on lockup; (2) that defendants Farley and Newkirk could not have had any personal involvement in the alleged conduct; (3) that Banks could have requested material from the prison's library but that he had no right to his own "personal legal library"; and (4) that he had failed to demonstrate that any actual harm was done to him, for he had not shown "how any particular item out of his missing materials was necessary to perfect and maintain his appeal." (Appellee's Supplemental Appendix at 22.) The district court adopted the magistrate judge's report and entered judgment for the defendants.
 
 
 5
 On appeal, Banks raises none of the issues dealt with in the district court. Rather, he alleges that the magistrate judge was bribed. Banks asserts that during the bench trial, "the court clerk ... had a brown pouch with a tan looking banking symbol on it. With pouch in hand she ran to catch ... defendant Newkirk at the physical gesture of Magistrate Pierce." (Plaintiff's Br. at 3.) Banks asserts that "Newkirk later passed by the visiting room area where [Banks] was placed and in his hand was that exact same bag." Id. In support of this allegation, Banks claims that "prison officials have long boasted of bribing state and federal officials." (Plaintiff's Br. at 4.)
 
 Analysis
 
 6
 We review a district court's findings of fact for clear error. Adams v. City of Chicago, 135 F.3d 1150, 1154 (7th Cir.1998). We review a district court's conclusions of law de novo. Moffat v. Gilmore, 113 F.3d 698, 701 (7th Cir.1997); Pullman-Standard v. Swint, 456 U.S. 273, 287-90, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). However, since Banks does not raise any issues pertaining to his original complaint on appeal, he has waived them. See e.g. Parrillo v. Commercial Union Insurance Company, 85 F.3d 1245, 1249 (7th Cir.1996); Fed. R.App. Proc. 28(c).
 
 
 7
 Banks raises the issue of the trial magistrate's impartiality for the first time on appeal. " '[I]ssues not raised in the district court are deemed waived' on appeal, so long as the opposing party argues that a waiver of that issue occurred." United States v. Torres, 142 F.3d 962, 968 (7th Cir.1998) (citing Momient-El v. DeTella, 118 F.3d 535, 540 (7th Cir.1997)). It is true that "there may exist narrow exceptions to the general rule barring consideration of new arguments on appeal 'where jurisdictional questions are presented or where, in exceptional cases, justice demands more flexibility." ' Huntzinger v. Hastings Mutual Insurance Company, 143 F.3d 302, 307 (7th Cir.1998) (citing Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)). The present case, however, "neither implicates jurisdictional issues nor gives rise to exceptional circumstances." Id.
 
 
 8
 Simply put, Banks offers no evidence in support of his assertions. In the lack of some form of substantiating evidence, we have no way of evaluating the veracity of Banks' claim that the magistrate judge was bribed. "Allegations of judicial bias are very serious and should never be cast without substantiation." City of Chicago v. Matchmaker Real Estate Sales Center, Inc., 982 F.2d 1086, 1100 (7th Cir.1992) (quoting Matter of Wade, 969 F.2d 241, 243 n. 1 (7th Cir.1992).
 
 
 9
 Under 28 U.S.C. § 144, a party may seek recusal of a judge for bias or prejudice "if [that] party files a timely and sufficient affidavit that the judge has 'a personal bias or prejudice against [the party]." United States v. Sykes, 7 F.3d 1331, 1338-39 (7th Cir.1993) (quoting United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir.1985). Such an affidavit is untimely unless filed "at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification." Id. at 1339. Similarly, a party may move for recusal on the basis of an appearance of impropriety under 28 U.S.C. § 455(a); but in the event the district court judge denies the motion, the party "must immediately move for a writ of mandamus [and] failure to so move results in waiver of the recusal argument." United States v. Towns, 913 F.2d 434, 443 (7th Cir.1990) (internal citations omitted). Since failure to move for a writ of mandamus waives the recusal argument, a fortiori such an argument is waived if the party altogether fails to raise it in the district court. If there were some indication that exceptional circumstances had prevented Banks from seeking recusal of the magistrate judge in a timely fashion, the situation might be different. Banks asserts that he observed, during the bench trial, the pouch that he believes was used to facilitate the bribe. Therefore, he could have raised the issue and sought the recusal of the magistrate judge during his bench trial. Accordingly, nothing indicates the existence of any exceptional circumstances that would excuse Banks's failure to raise the bribery issue in a timely fashion.
 
 
 10
 Significantly, nothing in the magistrate judge's findings of fact and recommendations to the district court is indicative of bias, prejudice, or lack of impartiality; nor does anything lead us to believe that a different magistrate judge would have resolved Banks's § 1983 claims in a different manner. Still more importantly, Banks has failed even to object to any of those specific findings and recommendations. Since Banks has failed to raise any of the issues at stake in his district court trial on appeal, and since the one issue he does raise must also be regarded as waived, we AFFIRM the district court's ruling.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)