151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jodene R. GIBSON, Plaintiff-Appellant,
v.
CAMPBELL'S FRESH, INC., a Virginia corporation, Defendant-Appellee.
 No. 97-1370.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. No. 95 C 340. Roger B. Cosby, Magistrate Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellant Jodene Gibson brought a complaint against Campbell's Fresh, Inc. ("Campbell's"), alleging that the company, by subjecting her to a hostile work environment, had retaliated against her for the reporting of an incident of sexual harassment of which Jodene was the victim. Such retaliation would violate Title VII of the Civil Rights Act of 1964, as amended in 1991. See 42 U.S.C. § 2000e et seq. The district court ruled that Gibson had failed to establish a causal connection between the harassment incident and the alleged retaliatory conduct, and granted summary judgment for Campbell's. Gibson appeals, reiterating her retaliation claim and also asserting a variety of additional claims, notably that Campbell's discriminated against her in violation of the Americans with Disabilities Act (ADA), falsely imprisoned her, and intentionally inflicted emotional distress upon her. Issues not raised before the district court are waived on appeal. Momient-El v. DeTella, 118 F.3d 535, 540 (7th Cir.1997). Gibson argues that she was unable to assert her additional claims in the district court due to ineffective assistance of counsel. It is well-settled, however, that ineffective assistance of counsel cannot be grounds for reversal in a civil case. See United States v. 7108 West Grand Avenue, Chicago, Illinois, 15 F.3d 632, 635 (7th Cir.1994); Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). We therefore will not address Gibson's claims of injury other than retaliation. With respect to Gibson's retaliation claim, the district court pointed out that a lengthy period of time (ranging between four and 21 months) separated the harassment incident from the alleged retaliatory actions. We have recently re-emphasized the difficulty of discerning a causal link between protected conduct and alleged retaliatory actions in the absence of a "telling temporal sequence" or other compelling evidence. Sweeney v. West, slip op. No. 97-2495 at 11 (7th Cir.1998). For this reason, as well as for the others stated in the opinion of the district court dated January 17, 1997, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)