Bobby **HENARD**, Petitioner–Appellant,

v.

Rondle **ANDERSON**, Respondent–Appellee.

No. 01–1931.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2001.*

Decided Dec. 18, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

Indiana prisoner Bobby Henard sought a writ of habeas corpus under 28 U.S.C. § 2254 after prison authorities disciplined him for fighting with a guard. The district court denied relief, and we affirm.

On February 16, 2000, an officer at the Miami Correctional Facility gave Henard a direct order to walk in a different direction through the prison yard, and an altercation between the officer and Henard ensued. Inmate witnesses said that the officer shoved Henard for no reason; the officer claimed that Henard bumped him and then tried to punch him. Guards eventually subdued Henard with mace and took him to the prison medical facility where he was treated by an unidentified nurse. Upon his release prison authorities charged Henard with battery, and Henard twice succeeded in having guilty determinations by conduct adjustment boards overturned during administrative appeals.

In preparation for a third conduct adjustment hearing, Henard requested that four witnesses testify, including the nurse who treated him after the fight. Henard also asked to have the nurse's medical report presented at the hearing. Although the board ultimately did not hear the nurse's testimony or take any medical evidence, it did receive evidence from Henard's three other requested witnesses, all of whom observed the fight. The board then found Henard guilty. After prison authorities reduced his punishment on appeal, Henard received one year in segregation, a demotion in credit-earning class,

and a loss of 180 days of credit earned toward early release.

■ In the district court, Henard made a number of challenges to the handling of his case, including claims that prison authorities denied him due process by not making the nurse available to testify, by not making the nurse's report available, and by not explaining the unavailability of either the nurse or her report. On appeal Henard renews his claim that prison authorities should have explained why the nurse did not testify at his hearing. As Henard points out, the Due Process clause gives inmates a right to call witnesses and present documentary evidence at a hearing that might extend their sentences by depriving them of good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th Cir.1998). But the right to present evidence is qualified, and prison authorities may properly exclude evidence from an inmate's hearing to ensure prison safety, security, or other institutional goals. *Ponte v. Real*, 471 U.S. 491, 496–97, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); *Wolff*, 418 U.S. at 566, 94 S.Ct. 2963; *Whitlock*, 153 F.3d at 386. Prison authorities ordinarily must give some explanation when they do not produce requested materials, *see Ponte*, 471 U.S. at 497, 105 S.Ct. 2192, but an inadequate or nonexistent explanation does not cause constitutional injury if the requested evidence would be repetitive or irrelevant to the charges brought against the prisoner. *See Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir.1992); *Miller v. Duckworth*, 963 F.2d 1002, 1004–05 (7th Cir.1992); *Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d Cir.1999).

■ Our review of the record does not indicate how the testimonial and documentary evidence requested by Henard related in any way to his case, and Henard has failed to explain why he needed the information. Henard's disciplinary hearing concerned whether he got into a fight with a prison guard, not whether he suffered injuries as a result of that fight. We therefore have difficulty understanding how the evidence sought by Henard was relevant to his disciplinary hearing at all. *See Forbes*, 976 F.2d at 318; *Miller*, 963 F.2d at 1004–05; *Kalwasinski*, 201 F.3d at 109. Henard claims that the evidence he sought was relevant because the nurse actually witnessed the fight that led to his discipline. But nothing in the record suggests that the nurse witnessed the fight, and Henard never suggested in his administrative appeals or in his petition for a writ of habeas corpus that he wanted the nurse to testify because she saw the fight. Instead Henard maintained at his hearing and in subsequent appeals that he wanted to present evidence from the nurse "who treated me." Prison authorities were never told that Henard intended to call the nurse as an eye-witness. Henard therefore waived any argument that the nurse's testimony was relevant to corroborate his version of events. *See Whitehead v. Cowan*, 263 F.3d 708, 730 n. 5 (7th Cir.2001); *Moment–El v. DeTella*, 118 F.3d 535, 538 (7th Cir.1997).

■ Henard also argues that the district court failed to rule upon his "Motion to Strike" portions of the prison officials' memorandum of law. Through his motion Henard sought to strike any suggestion by prison authorities that he wanted evidence from the nurse in order to establish a claim of self-defense. But Henard did not explain why he wanted the nurse to testify until prison officials filed their memorandum; given that sequence it was reasonable for prison officials to assert that Henard wanted testimony from the nurse to establish self-defense at his hearing. Nothing in the memorandum contained "redundant, immaterial, impertinent, or

scandalous matter." Fed R. Civ. P. 12(f); *accord Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir.1992). Consequently the district court's failure to address Henard's motion to strike was harmless. *See* Fed.R.Civ.P. 61.

AFFIRMED.