Jamaljah ALIWOLI, Petitioner–
Appellant,

v.

Jerry D. GILMORE, Warden, Pontiac
Correctional Center, Respondent–
Appellee.

No. 96–4048.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 5, 1997.

Decided Oct. 17, 1997.

Lisa S. Ottenfeld (argued), Office of the Cook County Public Defender, for Petitioner–Appellant.

Robert K. Villa, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, and BAUER and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

■] In this case, appellant Jamaljah Aliwoli ("Aliwoli") appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His first contention is that the district court erred in applying the standards of § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132. This issue was recently decided by *Lindh v. Murphy*, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), in which the Supreme Court held that the provisions of the AEDPA do not apply retroactively but only to cases filed after its effective date (April 24, 1996). *Lindh*, —— U.S. at ——, 117 S.Ct. at 2068. Aliwoli's petition was filed on April 18, 1996, sneaking in just under the wire, and the district court therefore erred in applying the amended version of § 2254.

■ The fact that the district court applied the wrong standard in denying Aliwoli's petition does not in and of itself merit reversal; we can still review the district court's denial of the petition using the standards applicable before the AEDPA took effect to see if the district court's decision was proper. See *Patrasso v. Nelson*, 121 F.3d 297 (7th Cir.1997). In the present case, however, neither party addressed the contentions in Aliwoli's petition under the pre-AEDPA standard, but rather focused on the district court's application of the new habeas standards. Furthermore, as the appellee's brief correctly notes, the comments which Aliwoli claims are improper must be examined "in light of the entire record to determine if the defendant was deprived of a fair trial such that the jury reached a verdict of guilty when it otherwise might not have done so." Appellee's Brief at 23. The record on appeal in this case does not appear to contain the transcript of Aliwoli's trial, and such an examination cannot be undertaken by this court. It also does not appear that the trial transcript was filed with the district court when it decided Aliwoli's petition on the merits. Accordingly, we are unable to examine Aliwoli's claims in light of the whole record of this case, and we must vacate in part the district court's denial of Aliwoli's petition under the AEDPA's habeas standards. We remand this case to the district court, which should ensure that any necessary state mate-

rials are submitted by the parties and then undertake an examination of Aliwoli's petition using the pre-AEDPA standards for habeas petitions.

■ One issue on appeal which we can address, since it is not affected by the habeas standard employed, is Aliwoli's assertion that the district court erred in finding that he had procedurally defaulted his claim regarding the prosecutor's rebuttal argument. In his petition, Aliwoli alleged that the prosecutor made improper comments to the jury during the state's rebuttal argument when he stated that:

> I am not going to tell you that [Aliwoli] will walk out the door at any point because I don't think you'll get that far in your deliberations. . . . To buy the defense of mental disorder in this case would basically say that all you have to do is commit an outrageous crime, such as the attempted murder of three Chicago police officers, find one or more psychiatrists who are willing to believe it and you are home free.

Appellant's Brief at 14. The district court noted that the Illinois Appellate Court had found this claim waived because of Aliwoli's failure to object to the statements at trial (*People v. Aliwoli*, 238 Ill.App.3d 602, 179 Ill.Dec.515, 520, 606 N.E.2d 347, 352 (1992)), and determined that the claim had thus been procedurally defaulted in federal court. The district court further found that Aliwoli had not argued either cause for his failure to raise this argument in state court or prejudice resulting therefrom. The district court's determinations were correct, and we affirm.

■ In general, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991) (citations omitted); *Harris v. Reed*, 489 U.S. 255, 261, 109 S.Ct. 1038,

1042, 103 L.Ed.2d 308 (1989). In the habeas context, this doctrine applies to bar consideration of any of a petitioner's federal claims which a state court declined to address because the prisoner failed to meet a state procedural requirement. *Coleman*, 501 U.S. at 729, 111 S.Ct. at 2553. To preserve an issue for review by an Illinois appellate court, "both a trial objection and a written post-trial motion about the claim are required." *Rodriguez v. Peters*, 63 F.3d 546, 564 (7th Cir.1995) (citation omitted); *see also People v. Reid*, 136 Ill.2d 27, 143 Ill.Dec. 239, 244, 554 N.E.2d 174, 179 (1990) ("If a party fails to object at trial or to raise [an] issue in its post-trial motion, the party effectively waives the issue for appellate review."). If a claim is found to be waived by an Illinois appellate court, that constitutes an independent and adequate state ground and we will not entertain that claim. See *Lostutter v. Peters*, 50 F.3d 392, 395 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 130, 133 L.Ed.2d 79 (1995), *overruled in other respects by Hogan v. McBride*, 74 F.3d 144, 147 (7th Cir.1996). In this case, the Illinois Appellate Court found that under Illinois law Aliwoli had waived his arguments about the prosecution's rebuttal argument by failing to object to the remarks at trial. This falls squarely within the Coleman doctrine, and the district court was correct in finding that Aliwoli's claim was procedurally barred in the federal system.[1]

■ Even if a claim has been procedurally defaulted, we can nevertheless examine its merits if the petitioner/ appellant is able to both demonstrate cause for his procedural error and establish prejudice resulting from that error or show that our failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2564 (citations omitted). As in the district court, Aliwoli does not present any arguments in his appellate brief relating to cause for his default in state court or any prejudice resulting therefrom, and he has failed to establish the necessary prereq-

---

1. Aliwoli's appellate brief suggests that the district court confused the doctrines of procedural default and waiver. However, it is counsel who confused the concepts by mixing apples with oranges: while Aliwoli's contentions about the prosecution's comments during rebuttal were waived in the state courts by his failure to make a contemporaneous objection, the fact that they were *waived* in state court causes them to be *procedurally defaulted* here.

uisite to our reviewing the merits of his claim. In Aliwoli's reply brief, he does state that "[w]here a trial court has demonstrated it has no concern for due process of law it should not be held against a defendant when beleaguered counsel does not make obviously pointless objections." Appellant's Reply Brief at 3. This apparent attempt at alleging cause must fail, however, because Aliwoli waived this argument by not raising it in his initial brief. *See United States v. Feinberg*, 89 F.3d 333, 340–41 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 997, 136 L.Ed.2d 876 (1997) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court."). Aliwoli similarly has not offered any argument that our failure to consider this issue will result in a fundamental miscarriage of justice. Because Aliwoli has not demonstrated the existence of any reason to excuse his procedural default, we cannot reach the merits of his claim, and the district court's finding that it was procedurally defaulted is affirmed.

## CONCLUSION

For the reasons set forth above, the district court's denial of Aliwoli's petition for a writ of habeas corpus is AFFIRMED in part and VACATED in part. This case is REMANDED to the district court for consideration of the remaining claims contained in Aliwoli's petition utilizing the pre-AEDPA standard. Furthermore, the appellant's motion for a certificate of appealability is DENIED as moot in light of the above.