134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Petitioner-Appellant,
v.
Craig HANKS, Superintendent of the Wabash Valley
Correctional Institution, Respondent-Appellee.
 No. 97-1715.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1997.*
Decided Jan. 7, 1998.
 
 Before FAIRCHILD, CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 James Higgason is currently serving a 25-year sentence for burglary in the Wabash Valley Correctional Institution. The district court denied Higgason's 28 U.S.C. § 2254 petition challenging his 1994 adjudication as an "Habitual Conduct Rule Violator" (HCRV) within the Indiana Prison System. He alleges five violations of his constitutional rights: 1) The conduct report charging him as an HCRV was filed 14 calendar days after his most recent conduct report, in violation of Ind.Code § 11-11-5-5(11)(b) and an Indiana Department of Correction regulation, in violation of the Due Process Clause of the Fourteenth Amendment, 2) He has been sentenced to a longer term in disciplinary confinement than allowed pursuant to Ind.Code § 11-11-5-3(8), in violation of the Due Process Clause; 3) The Conduct Adjustment Board (CAB) Hearing Officer was not impartial because he was a defendant in two § 1983 suits Higgason had filed; 4) An equal protection claim, because the administrative appellate officials did not correct the errors in his proceeding, while they had corrected errors in other proceedings; 5) The district court erred in denying his discovery request. We affirm.
 
 I. Facts
 
 2
 On March 9, 1994, Higgason was charged with being an HCRV. Higgason had been convicted of six rule violations in the previous twelve smooths. Higgason was notified on March 10. and the hearing took place on March 14, 1994. Higgason's defense at the hearing was that the screening officer who charged Higgason waited too long to file the charge. The CAB hearing officer, found that Higgason was a HCRV, arid sanctioned him with a three year term in disciplinary segregation. Higgason appealed through the administrative appeal process, and his appeals were denied. On appeal, Higgason only complained of the timeliness of the charge.
 
 
 3
 Higgason then filed a § 2254 petition for habeas corpus in the district court, alleging only his timeliness claim. The claim was summarily denied by the district court On April 22, 1996, Higgason filed a second habeas petition,[1] this time alleging five grounds, including the timeliness issue from the first petition.[2] The district court denied the petition, and this appeal followed.
 
 II. Standard of Review
 
 4
 Because Higgason filed this petition prior to April 24, 1996, we apply the law as it existed prior to the 1996 amendments in the Antiterrorism and Effective Death Penalty Act, Pub L. No. 104-132, 110 Stat. 1214 (April 24, 1996). See Lindh v. Murphy, 117 S.Ct. 2059 (1997). We review a district court's findings of fact for clear error, and review its conclusions of law de novo. See Kavanagh v. Berge, 73 F.3d 733 (7th Cir.1996). We review mixed questions of fact and law de novo. See Thompson v. Keohane, 116 S Ct 464-65 (1995).
 
 III. Analysis
 
 5
 As a preliminary matter, to succeed on a due process claim, Higgason must show that he has been deprived of a protected liberty interest. Under Sandin v. Conner, 515 U.S. 472, 484 (1995), Higgason must show that his confinement in disciplinary segregation was an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." While Higgason submitted voluminous factual support for his claim, the district court chose not to perform a Sandin analysis, assumed that Higgason had properly alleged a liberty interest, then dismissed his claims on other grounds. As this determination is a fact intensive inquiry that should be made by the district court in the first instance, we will assume, as did the district court, that a sentence of a three-year term in disciplinary confinement constitutes the deprivation of a liberty interest.
 
 A. Bias claim
 
 6
 Higgason charges that the CAB hearing officer who heard his case was biased because Higgason had two pending § 1983 suits against him.[3] An impartial adjudicator is one of the due process rights that must be afforded in a prison disciplinary hearing. Wolffv. McDonnell, 418 U.S. 539, 571 (1974). However, a prisoner will not succeed on a claim of bias merely by alleging that he has previously sued the adjudicator. See Redding v. Farman, 717 F.2d 1105, 1113 (7th Cir.1983) Prisoners often indiscriminately sue prison officials, and the officials may have minimal contact with such cases, if any at all. Id. Thus, the prisoner must show that the adjudicator had some personal involvement in the suit. Id. See also 28 U.S.C. § 2254 Rule 2(c) (habeas petition must contain "in summary form the facts supporting each of the grounds" of relief). In this case, Higgason merely alleged that he had filed suits against Hearing Officer Barnes, but did not allege sufficient any information to show bias. Thus, Higgason's claim fails.
 
 B. Disciplinary segregation claim
 
 7
 Higgason's sentence for being an HCRV was three years in disciplinary segregation. However, Higgason was already in disciplinary segregation at the time of his hearing, so the HCRV penalty was scheduled to begin on June 24, 1994, the end of his previous term. Higgason argues that he will spend 100 undeserved days in disciplinary segregation because the order should have begun the term in disciplinary confinement as of the date of the hearing, instead of on June 24 Higgason's due process rights were not violated because Higgason was properly in disciplinary confinement between March and June 1994.
 
 
 8
 Higgason argues that his previous term in disciplinary confinement was improper. He argues that the punishment for his previous offense (disorderly conduct) was the revocation of a conditional release from a 1-year term in disciplinary confinement from an even earlier offense (sexual threats). Higgason alleges that on appeal, the sexual threat conviction was invalidated, and because the entire punishment from the sexual threat conviction was invalid, the penalty from the disorderly conduct charge also fails, because the disorderly conduct penalty was the reinstatement of the remainder of the disciplinary segregation from the sexual threat charge. However, the record does not prove this allegation The report of the disorderly conduct hearing lists two different punishments on two different lines of the report form. The report form has separate areas to record each type of sanction imposed for an offense. On the line marked "Recommended change in housing/work location" the officer wrote "revoke contract" and some other comments illegible on the copy Higgason included in the record. On a separate line, marked "Disciplinary segregation," the officer wrote "2/24/94 to 6/24/94." While June 24, 1994 also is the date on which the one-year term of segregation from the sexual threat charge ended, the fact that the hearing officer wrote the punishments on separate places on the form suggests that the disciplinary segregation penalty was an independent penalty. Since a four-month term of disciplinary segregation is within the bounds of permissible sanctions for disorderly conduct, Higgason cannot show a violation of any protected liberty interest.
 
 C. Other claims
 
 9
 Higgason's claim that the HCRV charge was filed late is invalid. Higgason argues that the time to file the HCRV charge should have begun with the actual incident that predicated his most recent guilty plea. However, since HCRV status is based on convictions, not the incidents that underlie them. Since the HCRV charge was filed within ten days of his most recent conviction, as the regulations require, this argument objectively fails. As this was the only argument Higgason raised in his administrative appeals. Higgason can not assert a constitutional violation from the failure of his administrative appeals on the merits, and thus his equal protection argument fails.
 
 
 10
 Last, Higgason argues that the district court should have given him leave to present interrogatories. Discovery in a habeas case is not available as a matter of course, but only if "the judge in the exercise of his discretion and for good cause shown chooses to do so." Rule Governing § 2254 Cases 6(a). The district court did not abuse its, discretion in determining that Higgason had not shown good cause for discovery.
 
 
 11
 We therefore AFFIRM the decision of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The state has ignored the potential abuse of the writ problem both in the district court and in this court, even though the district court, in the order to show cause, invited the state to address the issue. Since the state has not raised the issue, we consider it waived
 
 
 [2]
 In the district court, Higgason claimed that he had insufficient time prior to the hearing to discuss his case with the lay advocate provided to him. Higgason does not raise this issue in this appeal, and the issue is therefore waived. See Aliwoli v. Glimore, 127 F.3d 632 (7th Cir.1997)
 
 
 [3]
 The state argues that Higgason has procedurally defaulted on this claim for failure to present it on his administrative appeal. However, the state did not raise this defense in the district court, instead arguing the merits of the claim. Given the serious structural nature of the error caused by a biased adjudicator, we will treat the issue as waived by the state, See Granberry v. Greer, 481 U.S. 129 (1987)