Joseph PISCIOTTI, Petitioner–Appellant,

v.

Odie WASHINGTON, Respondent–Appellee.

No. 96–4087.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 17, 1997.

Decided April 28, 1998.

Robert G. Clarke (argued), Chicago, IL, for Petitioner–Appellant.

Michael M. Glick (argued), Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

Joseph Pisciotti appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his state court murder conviction on the ground of prosecutorial misconduct. In his habeas corpus petition, Pisciotti complains that the state prosecutor made several improper and prejudicial statements during opening and closing arguments, thereby violating his due process rights at trial. The district court found that Pisciotti had procedurally defaulted his claims, and that Pisciotti could not establish cause and prejudice to excuse the default. We affirm the judgment of the district court.

## BACKGROUND

Pisciotti was charged with murdering Karen Przekwis. Przekwis was sexually assaulted and then asphyxiated by strangulation. Subsequently, her apartment was set on fire in an attempt to conceal the circumstances of her death. At the jury trial, conducted in the Circuit Court of Cook County, Pisciotti presented an alibi defense, relying on his father's testimony that they were at home playing cards at the time Przekwis was killed. The prosecution presented eyewitness testimony that Pisciotti was in the vicinity of Przekwis's apartment at the time she was killed, evidence that Pisciotti knew details of the crime before those details became public, and, most incriminating, Pisciotti's own confession.

At trial, Pisciotti acknowledged his confession, but testified that police officers coerced the confession by repeatedly striking him about the face, chest, arms, back, and legs with their fists, guns, and billy clubs. He also testified that one officer put a gun to his head and threatened to kill him if he did not confess. The accused officers denied Pisciotti's allegations. A nurse and a doctor who treated Pisciotti on the day of his arrest testified that Pisciotti did not show any physical signs of having been beaten, nor did he complain of mistreatment at the hands of the police.[1] Finally, the assistant state's attorney who took Pisciotti's statement testified that Pisciotti told him he had been treated well by the police.

The jury found Pisciotti guilty of murder, and he was sentenced to 40 years' imprisonment. On direct appeal, Pisciotti charged, among other things, that the state prosecutor acted improperly when he implied that Pisciotti was responsible for the absence of a certain witness; asked his opinion on the veracity of certain prosecution witnesses; and implied during closing arguments that, if the jury did not convict him, he would be a danger to the jurors, the public, and the prosecutor. *People v. Pisciotti*, 136 Ill.App.3d 420, 91 Ill.Dec. 81, 483 N.E.2d 363 (1985) (*"Pisciotti I"*). The state appellate court held that Pisciotti had waived his challenges to the prosecutor's trial conduct by failing to make contemporaneous objections. *Id.* at 94–97, 483 N.E.2d at 376–79. In the alternative, the state court found that Pisciotti could not establish that the alleged prosecutorial errors contributed to the jury's verdict or affected the outcome of the trial. *Id.* at 94–97, 483 N.E.2d at 376–79. The court therefore concluded that Pisciotti's right to a fair trial was not denied, and affirmed the conviction. Pisciotti filed a petition for post-conviction relief on the ground that he was denied the effective assistance of counsel. The state post-conviction court denied relief because it found that Pisciotti waived his ineffective-assistance claim by failing to present it in his

---

1. Pisciotti was taken to the hospital after complaining of abdominal pains. A complete physical examination disclosed nothing to account for the pains.

direct appeal. *People v. Pisciotti,* 225 Ill. App.3d 1103, 206 Ill.Dec. 80, 644 N.E.2d 848 (1991) (unpublished order) (*"Pisciotti II"*).

Pisciotti then filed the habeas corpus petition at issue here, alleging that: (1) the sentencing court relied on improper aggravating factors in determining his sentence; (2) the written order of sentence differed from the oral sentence; (3) the prosecutor engaged in misconduct that violated his due process rights; and (4) he received ineffective assistance from his trial and appellate attorneys. On appeal, Pisciotti challenges only the district court's judgment on the prosecutorial misconduct claim; therefore, we discuss only the facts underlying that claim.

Pisciotti's principal claim is that the prosecutor violated his due process rights by telling the jury to convict him based on his future dangerousness. During closing arguments, the prosecutor stated:

> [I]t might dawn on you for a moment, you have been sitting in the same courtroom, now, with a murderer, for the past three days.
>
> If it does anything to you, makes you feel a little bit uneasy, this is your chance; you can do something about it. You can see to it that he does not do it ·again.
>
> You have the opportunity, ladies and gentlemen. You are what stands between him and me and us, and all of us. You have it within your power to find him guilty.

Pisciotti construes these statements as advising the jury to find him guilty, not based on the evidence, but in order to prevent his commission of future crimes. This, he claims, rendered the result of his trial fundamentally unfair.

Pisciotti presented four additional claims. First, he complains that, during opening statements, the prosecutor remarked that Pisciotti had not confessed to sexual assault, although he had confessed to strangling Przekwis and setting fire to her apartment. Pisciotti did not object to this statement at trial, but now claims the statement constituted an improper commentary on his post-arrest silence in violation of his Fifth Amendment rights. Second, on cross examination, the prosecutor asked Pisciotti if he had encouraged a potential witness not to testify. The trial court sustained Pisciotti's objection and instructed the jury to disregard the question. Now Pisciotti claims the question prejudiced the jury against him. Pisciotti also claims that the prosecutor asked his opinion on the veracity of opposing witnesses in violation of state law. Finally, Pisciotti asserts that, during closing arguments, the prosecutor accused his trial counsel of fabricating a defense.

The district court found that Pisciotti had procedurally defaulted each claim of prosecutorial error. The court found that Pisciotti never raised the post-arrest silence and fabricated defense claims in state court, and that he failed to present the other claims in the manner required by state procedural rules. The court also held that Pisciotti's ineffective assistance of counsel claim did not establish cause for his procedural default because Pisciotti failed to demonstrate how he was prejudiced by his attorneys' failure to properly present these claims in state court. The district court denied Pisciotti's request for habeas corpus relief. Subsequently, the district court granted Pisciotti's request for a certificate of appealability, limited to the issue of whether the prosecutor's future dangerousness argument violated Pisciotti's due process rights.

## ANALYSIS

### A. The Governing Statute

At the time the district court granted Pisciotti's request for a certificate of appealability, this court believed that the amendments to the federal habeas corpus statute contained in the Antiterrorism and Effective Death Penalty Act of 1996 applied to all pending cases. *See Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996). However, the Supreme Court held that the amendments apply only to cases filed after the Act was signed into law. *Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). Pisciotti filed his petition for a writ of habeas corpus on February 16, 1996, before the federal habeas corpus amendments were enacted. Therefore, this case is

governed by the law that was in force prior to the statutory amendments. *Id.*

■ Prior to the amendments, § 2253 required a petitioner seeking to appeal a district court judgment denying habeas corpus relief to obtain a certificate of probable cause. However, any limitation contained in a certificate of probable cause had no legal effect on the scope of appeal. *See Koo v. McBride,* 124 F.3d 869, 872 (7th Cir.1997) (citing *Smith v. Chrans,* 836 F.2d 1076 (7th Cir.1988)). Because we must apply this rule in this case, we shall address not only the issue certified by the district court for review, but also the other claims of prosecutorial misconduct raised by Pisciotti in his appellate brief. *Id.*

## B. Procedural Default

■ Before a federal court may address the merits of a habeas corpus petition, the petitioner must provide the state courts with the opportunity to review his constitutional claims. *See Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196 (7th Cir.1998); *Momient–El v. DeTella,* 118 F.3d 535, 538 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997). A petitioner's failure to use available state procedures will result in a procedural default preventing review of the petitioner's claims by the federal courts. *Boerckel,* 135 F.3d at 1197; *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir.1997). Moreover, if a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review. *Boerckel,* 135 F.3d at 1197; *Aliwoli,* 127 F.3d at 634. Thus, "[i]f a claim is found to be waived by an Illinois appellate court, . . . we will not entertain that claim," unless the petitioner can establish both cause for the procedural error and prejudice resulting from that error. *Aliwoli,* 127 F.3d at 634; *see Momient–El,* 118 F.3d at 541; *Lostutter v. Peters,* 50 F.3d 392, 395 (7th Cir.1995), *overruled on other grounds by Hogan v. McBride,* 74 F.3d 144, 147 (7th Cir.1996). A petitioner can establish cause for a procedural default by demonstrating that he received ineffective assistance of counsel. *Momient–El,* 118 F.3d

at 541; *Lostutter,* 50 F.3d at 395. However, the ineffective-assistance claim must have been presented to the state courts in the manner required by state procedural rules. *Momient–El,* 118 F.3d at 539; *Lostutter,* 50 F.3d at 395.

The Illinois courts found that Pisciotti waived each of the claims he presented regarding prosecutorial misconduct by failing to make contemporaneous objections to the allegedly improper comments and questions. By failing to satisfy the state procedural rule requiring a contemporaneous objection to any trial error, Pisciotti defaulted these claims, and we will not address them unless he has established cause and prejudice for the default.

Pisciotti initially argues that the state appellate court did not explicitly hold that he waived his claim based on the prosecutor's prediction of his future dangerousness. Although the state court may have been rather cursory in declaring this claim waived, we note that prior to reaching the future dangerousness claim the court had already discussed Pisciotti's waiver of five other claims for failure to contemporaneously object. We have no doubt that the state court believed that a sixth analysis of the contemporaneous objection rule was simply unnecessary. The state court held that the future dangerousness claim was waived because Pisciotti failed to make a contemporaneous objection to the prosecutor's statement during closing argument.

■ Pisciotti next argues that his procedural default should be excused because his trial and appellate counsel rendered ineffective assistance. Again, Pisciotti has procedurally defaulted this claim by failing to present it to the state courts in accordance with Illinois's procedural rules. Although Pisciotti presented his ineffective-assistance claim in his post-conviction petition, the state post-conviction court held that he waived the claim by failing to present it on direct appeal. However, the government does not argue that Pisciotti defaulted his ineffective-assistance claim and, therefore, it has waived the argument. *See Gomez v. Acevedo,* 106 F.3d 192, 196 n. 4 (7th Cir.), *vacated on other grounds,* —— U.S. ——, 118 S.Ct. 37, 139

L.Ed.2d 6 (1997); *Tague v. Richards*, 3 F.3d 1133, 1137 (7th Cir.1993).

### C. Prosecutorial Misconduct

■ We turn, therefore, to the merits of Pisciotti's ineffective-assistance claim. In order to establish a Sixth Amendment violation, thereby establishing cause for his procedural default of the prosecutorial misconduct claims, Pisciotti must demonstrate that his attorney's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984). A habeas court need not analyze both prongs of the *Strickland* test if it determines that the petitioner has failed to establish either deficient performance or resulting prejudice. *Id.*

■ Pisciotti must establish that his attorney's failure to object to the prosecutor's comments and questions that he now complains about resulted in an unfair trial. *Id.* at 693–94, 104 S.Ct. at 2067–68; *see Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Pisciotti must demonstrate that the prosecutor's comments so infected his trial with unfairness that it "caused the jury to reach a verdict of guilty when otherwise it might have reached a verdict of not guilty." *Rodriguez v. Peters*, 63 F.3d 546, 558 (7th Cir.1995) (quotation omitted).

In *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), the Supreme Court analyzed prejudice in the context of prosecutorial misconduct. In *Darden*, the petitioner-defendant, Willie Darden, was convicted of murder, robbery, and assault. 477 U.S. at 170, 106 S.Ct. at 2466. The prosecutor in that case argued at length that the death penalty would be the only guarantee against future similar acts, repeatedly called Darden an animal, stated that the only way Darden should be allowed out of his cell was on a leash, expressed his wish that the victim of Darden's crime had blown Darden's face off with a shotgun, and stated that Darden should commit suicide. *Id.* at 179–80, 106 S.Ct. at 2470–71 (including footnotes). Yet, the Supreme Court concluded that Darden was not deprived of a fair trial

primarily because: many of the objectionable comments were either "invited" by the defense or responsive to defense arguments; the trial court gave the jury curative instructions; and the weight of the evidence against Darden was heavy. *Id.* at 182, 106 S.Ct. at 2472.

We agree with the state appellate court that the prosecutor's comments and questions, as well as his attorney's failure to make timely objections to those comments and questions, did not deprive him of a fair trial. Here, at worst, the prosecutor told the jury that, if it made them uneasy to be sitting in the same room with Pisciotti, they could do something about it; they could make sure "that he does not do it again." He also told the jury that "[y]ou are what stands between him and me and us."

■ Here, as in *Darden*, the trial court instructed the jury that opening and closing arguments do not constitute evidence and that their verdict must be based only on the evidence. We assume that juries follow instructions and, therefore, that Pisciotti's jury did not rely upon the prosecutor's opening statement or closing argument in reaching its verdict. The trial court also instructed the jury to disregard any questions to which an objection was sustained, for instance, the objection to the prosecutor's witness tampering question. Furthermore, here, as in *Darden*, many of the prosecutor's questions and statements were responsive to the theory of the defense or invited by the defense. Finally, the prosecutor's statements in this case hardly compare to those made by the *Darden* prosecutor.

The determinative factor in this prejudice analysis, however, is the weight of the evidence against Pisciotti. Although Pisciotti argues that the entire trial came down to a swearing contest between himself and the police officers on the issue of his confession, he is patently wrong. Two disinterested witnesses, a doctor and a nurse who examined Pisciotti shortly after he made his confession, testified that he showed no signs of having been physically abused and that he did not complain about his treatment at the hands of the police. Logically, the jury must have

discredited Pisciotti's account of the confession because it chose to convict him. Furthermore, the prosecution presented not only Pisciotti's confession, but also physical evidence of the sexual assault on Przekwis, eyewitness testimony placing Pisciotti near Przekwis' apartment at the time she was killed, and testimony that Pisciotti knew details about the crime before those details were made public. We agree with the trial judge, who stated: "As far as the court is concerned it [the evidence] was overwhelming. I would have found him guilty in about half a second." *Pisciotti I*, 91 Ill.Dec. at 93, 483 N.E.2d at 375 (quoting trial court judge's oral ruling on Pisciotti's post-trial motion). Pisciotti cannot establish prejudice resulting from either the prosecutor's comments or his attorney's failure to make contemporaneous objections to those comments. Therefore, he has failed to establish ineffective assistance of counsel as cause for the procedural default of his prosecutorial misconduct claim.

## CONCLUSION

Pisciotti is unable to establish that his attorney's failure to lodge contemporaneous objections to the prosecutor's comments at trial rendered his trial unfair. Thus, he cannot show cause for his failure to present his constitutional claims to the state courts in accordance with Illinois procedural rules. The district court correctly. concluded that Pisciotti procedurally defaulted his prosecutorial misconduct claim and, therefore, correctly denied his petition for a writ of habeas corpus. For these reasons, we AFFIRM the judgment of the district court.