165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark MAURICIO, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 97-1853.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1998.*
Decided Sept. 1, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana. South Bend Division. No. 3:96cv118AS. Allen Sharp, Judge.
 Before Hon. WILBUR F. PELL, Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Mark Mauricio, currently incarcerated in Indiana, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mauricio was convicted of felony murder in the shooting death of Nancy Rehm and was sentenced to sixty years in prison. After filing an unsuccessful direct appeal challenging the sufficiency of the evidence, Mauricio sought state post-conviction relief which also was denied. The Indiana Court of Appeals affirmed the denial of post-conviction relief, and the Supreme Court of Indiana denied Mauricio's petition for transfer. Mauricio filed a petition for a writ of habeas corpus pursuant to § 2254, raising the same four issues he raised in his state post-conviction petition. Specifically, Mauricio asserted that he was denied due process when he did not receive notice of the prosecution's rebuttal witness to his brother's alibi; that a witness's testimony that she was told Arnold and Mauricio were involved in the murder was hearsay; that the state prosecutor improperly remarked on Mauricio's post-arrest silence; and that appellate counsel was ineffective for failing to raise these issues on direct appeal. The district court denied the petition, and Mauricio appeals the same four issues. We affirm.
 
 
 2
 Preliminarily, Mauricio asserts that the district court applied the wrong standard of review because his petition was filed in February 1996 and, thus, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1214, does not apply. Mauricio is correct. However, this error does not require reversal because "we can still review the district court's denial of the petition using the standards applicable before the AEDPA took effect to see if the district court's decision was proper." See Aliwoli v. Gilmore, 127 F.3d 632, 633 (7th Cir.1997). The State acknowledges that the pre-AEDPA standard of review is the correct one. Under pre-AEDPA law, the petitioner "is entitled to both the benefit of an expanded body of law in challenging his conviction and to a more exacting review of any claims involving the application of federal law to the facts of his case." Abrams v. Barnett, 121 F.3d 1036, 1038 (7th Cir.1997). As with the new law, this court accepts "the reasonable factual findings of the state trial and appellate courts as true." Id.[2]
 
 
 3
 Mauricio contends that he was denied due process when the prosecution failed to notify him of a rebuttal witness. Mauricio's brother, Arnold, was also charged in the murder of Rehm. After a joint trial with Mauricio, Arnold was convicted of robbery and aiding and abetting the murder and was sentenced to thirty years in prison. Mauricio's claim revolves around the testimony of a prosecution witness, Sharon McDonald, who was called as a rebuttal witness to Arnold's alibi defense.[3] McDonald testified that she had been present when Arnold's girlfriend and her mother fabricated a story supporting Arnold's alibi. McDonald also testified, however, that the morning after the shooting Arnold's girlfriend, Lisa Michaels, told her that "Junior [Arnold] and Mark were involved" in the shooting.
 
 
 4
 After Mauricio's counsel objected and moved for a mistrial, the trial judge immediately instructed the jury to "utterly disregard" "any hearsay testimony that [the jury] heard from this witness that somebody else told her something else." Mauricio asserts that his due process rights were violated for the same reason as Arnold's because, had he known about McDonald, he would have deposed her. Relying on this court's opinion in Arnold's case, Mauricio asserts that he also should "have had the benefit of knowing about the existence of Sharon McDonald in deciding whether or not to put forth a formal alibi."
 
 
 5
 This court's reversal in Arnold's case was premised on the reciprocity requirement described in Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), that "[i]t is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning the refutation of the very pieces of evidence which he disclosed to the State." 412 U.S. at 475. Under Wardius, the State was obligated to include McDonald on the witness list as a rebuttal to Arnold's alibi defense, just as Arnold was required under a pre-trial discovery order to notify the State of his intention to use an alibi defense and to list any witnesses in support of that defense. We question whether Wardius is even applicable to Mauricio's case because Mauricio concedes that he did not notify the State of an intention to offer an alibi defense. See United States v. Higgins, 75 F.3d 332, 335 (7th Cir.1996) ("There is no constitutional right to pretrial discovery.").
 
 
 6
 However, we need not decide whether the State's failure to include McDonald on its witness list also violated Mauricio's due process rights because any possible violation was harmless error. Mauricio's case differs from that of his brother because Arnold's conviction was based on circumstantial evidence and McDonald's rebuttal testimony refuting his alibi was highly damaging to his defense. In Mauricio's case, however, he was positively identified by the two other women at the scene, he admitted that he had access to a .25 caliber pistol which was the type of gun that killed Rehm, and he was found hiding underneath a house near the scene of the shooting minutes afterward. See Thompkins v. Cohen, 965 F.2d 330, 333 (7th Cir.1992) (state's failure to disclose rebuttal witnesses was harmless error in light of evidence corroborating accomplice's testimony implicating defendant).
 
 
 7
 Mauricio's claim more precisely challenges McDonald's testimony as hearsay, an assertion he attempted to incorporate into his Wardius claim. However, this challenge also fails. The admissibility of evidence is governed by state law, and this court will issue a writ of habeas corpus "only in those cases in which the court's evidentiary ruling can be said to have denied the defendant the right to a fundamentally fair trial." Abrams v. Barnett, 100 F.3d 485, 493 (7th Cir.1996).[4] Here, McDonald stated that Mauricio and Arnold "were involved" in the murder. Defense counsel immediately objected, and the jury was instructed to disregard any statements made regarding what someone else told McDonald. Based on the other evidence in support of Mauricio's conviction and the court's admonition to disregard McDonald's comment, any error resulting from the hearsay testimony was harmless. See Williams v. Chrans, 894 F.2d 928, 932 (7th Cir.1990) (concluding that any error resulting from officer's hearsay testimony about another individuals' identification of the defendants as the perpetrators of the robbery was harmless in light of defense counsel's objection, a limiting instruction, and other evidence supporting conviction).
 
 
 8
 Mauricio also asserts that the prosecutor cross-examined him about his post-arrest silence in violation of Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Doyle "protects against the fundamental unfairness of allowing a government agent to assure a suspect that he has the right to remain silent, and then to use that silence as evidence at trial." United States v. Scott, 47 F.3d 904, 906 (7th Cir.1995). Mauricio's claim is based on the following exchange between the prosecutor and Mauricio:
 
 
 9
 Q: When you were arrested you were given the opportunity to talk to the police, were you not?
 
 
 10
 A: Right.
 
 
 11
 Mr. Grimm: I object to this, Your Honor ... what he's attempting to do is make something out of the fact that he didn't evidently make a statement originally to the police.
 
 
 12
 The Court: Sustained.
 
 
 13
 Q: Who have you told, besides us today, this story?
 
 
 14
 A: Nobody but my lawyer.
 
 
 15
 Q: Just your lawyer?
 
 
 16
 A: Right.
 
 
 17
 See Trial Tr. at 498-99.[5] The district court concluded that, in their totality, the prosecutor's questions violated Mauricio's due process rights but that they constituted harmless error because the negative impact of the comments was limited in light of the overwhelming evidence against Mauricio and because he could not show that the questions prejudiced his case.
 
 
 18
 We need not decide whether a Doyle violation occurred because, even if one did, the district court was correct in concluding that the error was harmless in light of the significant evidence supporting Mauricio's guilt, described above. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (constitutional error is harmless if it did not have "a substantial and injurious effect or influence in determining the jury's verdict"); see also Scott, 47 F.3d at 907. In addition, the prosecution's statements were not sufficiently "egregious or repeated" to conclude that they affected the jury's verdict. See Lieberman v. Washington, 128 F.3d 1085, 1096 (7th Cir.1997) (no Doyle violation occurred where improper remark constituted only ten out of thirteen thousand lines in transcript of six-day trial); see also Scott, 47 F.3d at 907. Here, the disputed remarks constitute approximately four to ten lines out of approximately thirty pages of Mauricio's testimony in a four-day trial.[6]
 
 
 19
 Mauricio also claims that he received ineffective assistance of appellate counsel because counsel failed to raise the following issues on direct appeal: (1) Mauricio's denial of due process as a result of the trial court's unfair disclosure order; (2) Mauricio's denial of due process caused by the State's failure to disclose McDonald as a witness; (3) the Doyle violation; (4) prosecutorial misconduct throughout the trial; (5) the State's improper use of McDonald's hearsay testimony; and (6) the trial court's improper denial of Mauricio's motion to sever.
 
 
 20
 Claims 1, 4 and 6 are raised for the first time on appeal and therefore are waived. Momient-El, 118 F.3d at 540.[7] The remaining three issues, although not raised on direct appeal in state court, were presented in Mauricio's motion for post-conviction relief and were rejected. The Indiana Court of Appeals concluded that Mauricio could not have been prejudiced by appellate counsel's failure to raise these issues on direct appeal because they lacked merit. In order to show ineffective assistance of appellate counsel, Mauricio must show that appellate counsel failed to present significant and obvious issues on appeal. See Mason v. Hanks, 97 F.3d 887, 893 (7th Cir.1993). Because we have concluded that Mauricio would not have been entitled to relief with respect to the remaining three issues, he could not have been prejudiced by counsel's failure to raise these issues on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 For a detailed recitation of the facts as determined by the Supreme Court of Indiana, see Mauricio v. Indiana, 476 N.E.2d 88 (Ind.1985). Although Mauricio spends a significant portion of his brief noting perceived inconsistencies in the evidence presented, he has failed to demonstrate that the state court's findings of fact should not be presumed correct under any one of the eight factors in 28 U.S.C. § 2254(d)(1)-(8) (1994). In any event, "[f]ederal courts do not reevaluate the credibility of witnesses when conducting habeas review of state trials," which is essentially what Mauricio asks us to do. Stone v. Farley, 86 F.3d 712, 718 (7th Cir.1996), cert. denied, 519 U.S. 1122, 117 S.Ct. 973, 136 L.Ed.2d 857 (1997)
 
 
 [3]
 Arnold also filed a § 2254 habeas corpus petition contending that he was deprived of due process when the prosecution failed to give pre-trial notice of its intention to call McDonald to rebut his alibi defense. The district court agreed that he was denied due process but concluded that the error was harmless. On appeal, this court reversed and remanded, stating that Arnold had been deprived of due process and that the error was not harmless. Mauricio v. Duckworth, 840 F.2d 454 (7th Cir.1988)
 
 
 [4]
 Although this opinion was vacated because it applied the AEDPA standard of review to a pre-AEDPA petition, on remand this court adopted its prior discussion of the review of the state court's evidentiary rulings and affirmed the denial of the petition for a writ of habeas corpus in Abrams v. Barnett, 121 F.3d 1036 (7th Cir.1997)
 
 
 [5]
 Mauricio asserts that the prosecution's questioning of a police officer concerning whether Mauricio explained why he was underneath the house also constituted a Doyle violation. However, as this was raised for the first time on appeal, it is waived. Momient-El v. DeTella, 118 F.3d 535, 540 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997)
 
 
 [6]
 In his petition for state post-conviction relief, Mauricio also challenged several other questions by the prosecution regarding whether Mauricio said anything after being apprehended. However, Mauricio does not mention these questions in his brief on appeal; thus, they are waived. Aliwoli, 127 F.3d at 634-35
 
 
 [7]
 Although Mauricio lists the "denial of severance" as one of his claims in his pro se habeas corpus petition, he did not elaborate on the claim in his memorandum in support of his petition and it was not addressed by the district court. Because it was not properly raised before the district court, it is waived on appeal