**UNITED STATES of America ex rel. Roy NOEL, Petitioner,**

v.

**Dwayne A. CLARK, Respondent.**

**No. 98 C 8016.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 29, 2000.

**1174**

Roy Noel, Jacksonville, IL, pro se.

Rebecca Zavett, Illinois Attorney General's Office, Chicago, IL, for respondents.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Following a jury trial in Cook County Circuit Court, Roy Noel was convicted of murder and armed robbery in the 1982 killing of Howard Rollins in Chicago and sentenced to concurrent terms of 40 years and 20 years imprisonment, respectively. Mr. Noel's conviction and sentence were affirmed and, having exhausted his state law remedies, Mr. Noel has filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, which I deny.

### I.

Neither the petitioner nor the State has provided the trial record. Because Mr. Noel does not protest the state court's version of the facts, I have taken the following factual account from the various state court opinions in the record before me. *U.S. ex rel. Green v. Greer*, 667 F.2d 585, 586–89 (7th Cir.1981) ("Where a habeas petitioner fails to identify any inaccuracies or incompleteness in the appellate court summary, it is permissible for a district court to rely on that summary in determining the issues raised in the petition.").

According to his wife, on September 26, 1982, Howard Rollins left the couple's home to buy cigarettes with $150 in his wallet. He would never return. A neighbor, Michael Lloyd, testified that he noticed an unfamiliar green car parked near his home and that a woman and child were in the car. After Mr. Lloyd went inside, he heard two shots, then looked out the window and saw a man walking in his front yard waving a gun and looking for something; the woman was then outside of the car and seemed to be telling him to come back to the car and he told her to be quiet. The gunman walked over and kicked the man on the ground—later identified as the victim Mr. Rollins, picked up a wallet and took something out before getting into the car and driving off.

Pearl Gibson, Roy Noel's companion on the day of Mr. Rollins' death, appears to have been the prosecution's star witness during Mr. Noel's trial. She testified that the two had been drinking when Mr. Noel announced that he needed some money, ought to rob someone, and showed her his gun. The two then drove in Mr. Noel's car, stopping on Saginaw and 79th Street where the deceased, Mr. Rollins, was walking. According to Ms. Gibson's trial testimony, Mr. Noel and the deceased wrestled, and at one point, the victim had the gun, until Mr. Noel snatched it back. Mr. Rollins asked Ms. Gibson to call the police, and she implored Mr. Noel to leave. Mr. Noel responded that Mr. Rollins had tried to kill him, then he shot him as he approached. Mr. Noel kicked him as he lay there, looking for the clip to his gun, which was later found at the scene by the body of Mr. Rollins. Ms. Gibson and Mr. Noel then left the scene, went to a liquor store where he made his purchase with a $50 bill, and spent the night at a hotel. Mr. Noel's account of these events during his trial testimony differed from that of Ms. Gibson. He claims that he stopped the car because nature called. As he was urinating, Mr. Rollins approached him with a knife. The two struggled and during the struggle, Mr. Noel's gun went off. He claims that as he left, he looked for the clip

from the gun and, seeing Mr. Rollins' wallet, took some money therefrom.

On cross examination, Ms. Gibson admitted that at the preliminary hearing, she testified to a different story, including that the deceased had a knife, and that after the struggle, Mr. Noel's hands had scars, cuts and bite marks. Mr. Noel's attorney questioned her regarding a conversation she had with Mr. Noel's girlfriend that morning which included a discussion of threatening phone calls she had received. On redirect, the State asked more about the phone call; Ms. Gibson testified that at 2:00 a.m. the night before her testimony, she received an anonymous phone call in which someone told her that if she testified something might happen to her. During its closing argument rebuttal, the State asked the jury to "take into consideration that little girl [Ms. Gibson] came in here some eight, ten hours after he [Mr. Noel] called and threatened her that if she did, it wasn't the police and it wasn't my office, they would kill her ..." Mr. Noel's counsel did not object to the state's questions on redirect or implication during its rebuttal argument, nor did he include them in his motion for a new trial.

## II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides habeas relief may be awarded only where the state court's adjudication of a petitioner's claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

▆▆▆ Before a federal court may address the merits of a habeas corpus petition, the petitioner must provide the state courts with the opportunity to review his constitutional claims. *See Boerckel v. O'Sullivan,* 135 F.3d 1194, 1196 (7th Cir. 1998); *Momient–El v. DeTella,* 118 F.3d 535, 538 (7th Cir.1997). A petitioner's failure to use available state procedures will result in a procedural default preventing review of the petitioner's claims by the federal courts. *Boerckel,* 135 F.3d at 1197; *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir.1997). Moreover, if a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review. *Boerckel,* 135 F.3d at 1197; *Aliwoli,* 127 F.3d at 634. Once a claim is procedurally defaulted, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000). Mr. Noel proceeds pro se, so I hold his petition to "less stringent standards than formal pleadings drafted by lawyers." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996).

## III.

Mr. Noel's habeas petition raises five issues: (1) that he was arrested without probable cause, (2) ineffective assistance of counsel, (3) prejudicial error by the trial court, (4) that his armed robbery conviction and sentence were not supported by evidence sufficient to attain a conviction beyond reasonable doubt, and (5) abuse of discretion by the trial court in imposing an excessive sentence. The State reasserts its previously rejected argument that the petition is untimely. I have already decided that it is not, and the State offers no new facts or authority which would cause me to revisit my conclusion that Mr. Noel's federal habeas petition is not time-barred under Section 2244(d).

## Lack of Probable Cause for Arrest

■ Mr. Noel claims his arrest was unlawful because it was based solely on a phone tip from an unidentified female caller and was without any independent corroboration. Mr. Noel asserts his constitutional right to face his anonymous accuser and contest the totality of circumstances available to the police at the time of his arrest. Mr. Noel raises this for the first time here, so the claim is procedurally defaulted. He claims to have raised this issue, but his lawyer amended his petition and refused to raise it at the hearing, which he was not permitted to attend and so could not himself raise the issue of his arrest. This is sufficient to establish cause in a pro se petition. Based on the limited information provided in the record, I share some of Mr. Noel's concerns about his arrest. Anonymous tips do not alone form a sufficient foundation for probable cause and a lawful arrest, *Taylor v. Alabama*, 457 U.S. 687, 689–90, 102 S.Ct. 2664, 73 L.Ed.2d 314 (1982); if this was all the police had, Mr. Noel's arrest was unlawful. "An illegal arrest, however, is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings." *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir.1983) (citations omitted). Mr. Noel does not contend that evidence obtained pursuant to his illegal arrest should have been excluded from his trial, and the Illinois Appellate Court found that the statements made by Mr. Noel after his arrest were exculpatory in nature—he denied killing Mr. Rollins intentionally and instead claimed the gun went off accidentally during the struggle between the two men—and not used to convict him. There was therefore no detrimental impact or prejudice on Mr. Noel's trial or sentencing. Even construing Mr. Noel's petition broadly, I agree he has not demonstrated prejudice or substantial injustice as a result of an allegedly illegal arrest.

## Ineffective Assistance of Counsel

■ Mr. Noel previously appealed his trial counsel's performance that he failed to file a motion to quash his arrest and suppress statements and that his appellate counsel failed to raise ineffective assistance of trial counsel. He claims that a probable cause hearing would have shown that he was arrested on the sole basis of an anonymous phone tip.[1] Mr. Noel's attorney claimed that this was a result of his trial strategy, that Mr. Noel's statements were exculpatory, and that based on his experience as a public defender, he would have lost the probable cause hearing in any event.

The Illinois Appellate Court accepted this explanation after "ask[ing] the legally correct question[s]." *Lindh v. Murphy*, 96 F.3d 856, 876 (7th Cir.1996). It properly analyzed these claims under the framework set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for ineffective assistance of counsel, and I cannot say that the conclusion reached was unreasonable. In any event, as I explained above, Mr. Noel's arrest was not prejudicial and his own testimony was far from the only evidence used to convict him.

■ Mr. Noel also claims that his counsel was ineffective for failing to offer important evidence to show Mr. Noel's innocence during his trial. In addition, he claims his counsel did not impeach state eye-witnesses who perjured themselves nor did he object to prejudicial statements made by the prosecutor which lacked evidentiary foundation. These claims are procedurally defaulted because Mr. Noel raises them for the first time here. Mr. Noel explains that these specific grounds were raised in his post conviction petition, but his appellate counsel did not raise them at the hearing, during which he was not present. Presumably, he did not raise these claims due to his allegedly incompe-

---

**1.** Mr. Noel claims he did not voluntarily agree to go the police station with the detectives as is stated in the police report.

tent counsel and again, I find this sufficient cause for the omission.

Mr. Noel's statement that his attorney failed to produce important but unidentified evidence to show his innocence is too vague for consideration. *See Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996) (hearing need not be held if habeas petition contains conclusory or speculative allegations rather than specific, factual allegations), *citing Daniels v. United States*, 54 F.3d 290, 293 (7th Cir.1995).[2] As to Mr. Noel's claims regarding counsel's trial conduct, his failure to object to testimony or impeach witnesses, Mr. Noel does not point to any specific examples in the trial record, so I cannot conclude that these conclusory assertions were error, let alone prejudicial. *See Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir.1990) (petition must state specific particularized facts, thus, petition stating only general references to transcripts, case records, and briefs deemed insufficient).

### Prejudicial Error by the Trial Court regarding Testimony

Mr. Noel claims that the trial court committed reversible error when it permitted the state to elicit testimony by Ms. Gibson regarding an anonymous threatening phone call she received, which it then attributed to Mr. Noel during closing arguments. The appellate court concluded that Mr. Noel's counsel adopted the trial strategy of asking Ms. Gibson about these phone calls. Having opened the door, the prosecution was free to follow up as to the potential source of these phone calls. The court also determined that the State's references during its closing argument, to which Mr. Noel's counsel did not object, were improper but did not affect the outcome of the trial. State evidentiary rulings can rarely form the basis for a

habeas claim. Unless a specific constitutional right has been violated—there is no such allegation here, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the petitioner's due process rights by denying him a fundamentally fair trial. *See Woodruff v. Lane*, 818 F.2d 1369, 1373 (7th Cir. 1987); *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir.1982). I concur with the state court's reasoning that the trial court's rulings did not deprive Mr. Noel of a fair trial.

### Insufficient Evidence underlying Armed Robbery Charge

In another procedurally defaulted claim, Mr. Noel argues that there was insufficient evidence to support his conviction for armed robbery because there is no eye-witness testimony that he actually took the property from Mr. Rollins, accounts from witnesses varied, and the deceased had hair and other particles under his fingernails that did not match that of Mr. Noel.

A prisoner's claim that he was convicted on insufficient evidence is cognizable on federal habeas corpus review as a violation of due process, but I can only grant habeas relief if the prisoner can show that no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Circumstantial evidence is sufficient for a conviction; otherwise, our criminal justice system would crumble. Mr. Noel's companion testified at trial that he left the car without any money and came

---

2. Elsewhere in his petition, Mr. Noel alleges that hair and other samples taken from the victim did not match Mr. Noel's, and this may be the evidence to which he refers. There is nothing in the record before me indicating that Mr. Rollins was in a fight with anyone else, but there is eyewitness testimony, includ-

ing Mr. Noel's own testimony, that he fought with Mr. Rollins and that he took money from his wallet, in addition to significant circumstantial evidence regarding the theft. I therefore cannot conclude that such an omission would have changed the result of the trial or points to the actual innocence of Mr. Noel.

back to the car with money. Similarly, Mr. Rollins left the house with $150 in his wallet, which was empty after his altercation with Mr. Noel. There was sufficient evidence in the record from which a jury could conclude that Mr. Noel robbed Mr. Rollins.

### Sentencing

Finally, Mr. Noel argues that the trial court abused its discretion by sentencing him at the maximum of the sentencing range for murder and the high end for armed robbery. In arriving at this sentence, Mr. Noel claims the judge relied on inaccurate information and ignored the fact that he was a first-time offender with no criminal background. Trial courts are granted great discretion in sentencing, and the severity of his sentence cannot form the basis of federal habeas relief. *See United States ex rel. Sluder v. Brantley,* 454 F.2d 1266 (7th Cir.1972). The sentence was within the sentencing range of a valid state statute. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit." *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir.1994). Mr. Noel does not contend that the trial court lacked jurisdiction to impose a sentence, that the trial court committed a constitutional error, which made his sentence fundamentally unfair, *Gleason v. Welborn,* 42 F.3d 1107, 1112 (7th Cir.1994), or that the sentence was extreme and "'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (*quoting Solem v. Helm,* 463 U.S. 277, 288, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Thus, this claim is beyond the province of federal habeas review.

Mr. Noel's § 2254 petition for writ of habeas corpus is DENIED.